STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JUSTIN PHILLIPS

VERSUS

COCA-COLA BOTTLING CO. UNITED, ET AL.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 03-08134
HONORABLE SHARON MORROW
WORKERS' COMPENSATION JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED.**

**Brian K. Abels**
**Walsh & Bailey, L.L.C.**
**P. O. Box 3157**
**Baton Rouge, LA 70821-3157**
**Counsel for Defendants-Appellants:**
    **Coca-Cola Bottling Co. United and**
    **Ace American Insurance Company**

**Kevin R. Rees**
**P. O. Box 1199**
**Abbeville, LA 70511-1199**
**Counsel for Plaintiff-Appellee:**
    **Justin Phillips**

**J. Christian Lewis**
**The Glenn Armentor Law Corp.**
**300 Stewart Street**
**Lafayette, LA 70501**
**Counsel for Intervenor:**
    **The Glenn Armentor Law Corporation**

**PAINTER, Judge.**

Claimant, Justin Phillips ("Phillips"), filed the instant suit seeking workers' compensation benefits due to injuries to his right knee that he alleges resulted from a work-related accident on July 29, 2003, while working for Defendant, Coca-Cola Bottling Company United ("Coca-Cola"). The workers' compensation judge ("WCJ") found that Phillips proved by a preponderance of the evidence that he suffered an accident in the course and scope of his employment with Coca-Cola and awarded the benefits. The WCJ further found that penalties and attorney's fees were not warranted. Coca-Cola and its insurer, Ace American Insurance Company, now appeal, asserting that the WCJ committed legal error in finding that a work-related accident occurred. Phillips did not appeal the failure to award penalties and attorney's fees. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Phillips began working for Coca-Cola on December 19, 2002, as a delivery driver. On July 29, 2003, while delivering Coca-Cola products at the Penny Wise store in Breaux Bridge, Louisiana, Phillips alleges that he twisted his right knee and felt the onset of pain as he stepped out of the bay of his delivery truck. Rhonda D. Grossie, the assistant manager of the Penny Wise store, was working at that time. Grossie testified that, on July 29, Phillips came in the store and asked to use the phone because he had hurt his knee and needed to call his supervisor. Grossie inquired as to whether he had hurt his knee "at our store," and she testified that Phillips answered, "no." She further testified that she intended "at our store" to include the parking lot but only assumed that Phillips knew her intention. Based on this, Grossie testified that she did not fill out an accident report.

1

Phillips testified that when he phoned his supervisor, Kenneth Thibodeaux, he requested help to finish his job for the day. Phillips alleges that the request was denied. Thibodeaux testified that Phillips did not tell him that he had hurt his knee until the following Monday.

Phillips, however, did go the emergency room at UMC. The records do not reflect that Phillips told the doctors that he had a work-related accident. Coca-Cola points out that the records do indicate, however, that Phillips told the triage nurse that he had been having symptoms in his knee for two weeks. Phillips' girlfriend, Monique Jacob, testified that on July 29, 2003, Phillips was limping and that she accompanied him to UMC on that date. She testified that Phillips told the doctor that he had "come the wrong way off the back of a truck, and he had hurt his knee."

Phillips admitted that he had previous knee problems, including an injury to his right knee in 1995, which required the surgical repair of a torn meniscus and injuries to his knee in an automobile accident in December of 2002. An MRI of the right knee done in December 3, 2002, however, revealed no evidence of internal injury or derangement.

Phillips alleges that the doctor at UMC, Dr. Brian Rich, gave him an excuse to be put on light duty. Phillips testified that he was told that he could not be put on light duty. Thibodeaux disputes that an excuse was given to him. As a result of not being put on light duty, Phillips testified that he had to ask his fellow workers to assist him in completing his job duties. Phillips alleged that prior to July 29, 2003, his knee was pain free and he had been performing his job duties with no problems.

In any event, Dr. Rich suspected a meniscus tear and subsequent examination and MRI by Dr. Edward Lisecki confirmed that injury.[1] Phillips underwent surgery

---

[1]Phillips saw Dr. Douglas Bernard, an orthopedist, on August 13, 2003. Dr. Bernard's records indicate that Phillips "came in with complaints of his right knee stating that he thinks he has

to repair the torn meniscus on October 21, 2003. Dr. Lisecki testified that he recommended further orthroscopic surgery and that Phillips will require a total knee replacement in the future. Dr. Lisecki further testified that Phillips' injury was consistent with Phillips' account of his accident.

Phillips was cleared to return to his regular job duties in January 2004. He resigned from Coca-Cola in February of 2004 and began other employment on March 5, 2004.

Phillips filed a disputed claim for compensation on October 29, 2003. Coca-Cola steadfastly denied that Phillips suffered a work-related accident. At trial, the parties stipulated that the applicable compensation rate was $416.00; that if the WCJ found in Phillips' favor, the past indemnity due was $934.37; that Mr. Phillips paid $1,160.84 toward his medical care; and that there were outstanding balances totaling $2,171.00 for past medical treatment. Following trial, the WCJ found that Phillips proved, by a preponderance of the evidence, that he suffered an accident in the course and scope of his employment with Coca-Cola on July 29, 2003. The WCJ ordered Coca-Cola to pay past indemnity benefits and past medical benefits in the amounts stipulated and to pay future indemnity benefits and medical benefits related to the accident of July 29, 2003. Based on her finding that Coca-Cola was not arbitrary and capricious in its handling of the claim, the WCJ declined to award penalties and attorney's fees. Phillips thereafter filed a "Motion for Reconsideration" with respect to the WCJ's failure to award penalties and attorney's fees. Said motion was denied, and Phillips neither appealed that ruling nor answered Coca-Cola's appeal.

---

aggravated it at work." Dr. Bernard referred Phillips to his partner, Dr. Lisecki.

DISCUSSION

On appeal, Coca-Cola asserts that the WCJ committed legal error in finding that a work-related accident occurred based on its allegations that the evidence and testimony cast serious doubts on Phillips' version of the accident and that Phillips' testimony is not corroborated by any circumstances following the alleged accident. Thus, Coca-Cola urges us to review this matter *de novo*.

This court, in *Monceaux v. R & R Construction, Inc.*, 05-533, (La.App. 3 Cir. 12/30/05), 919 So.2d 795, *writs denied*, 06-0585 (La. 5/5/06), 927 So.2d 325, 06-0636 (La. 5/5/06), 927 So.2d 317, had occasion to address both the standard of review and a claimant's burden of proof in workers' compensation cases involving unwitnessed accidents. In that case, we said:

> In *Dean v. Southmark Construction*, 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117, the supreme court discussed the standard of review in workers' compensation cases:
>
>> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La.App. 1 Cir. 2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Robinson*, 865 So.2d at 105. The determination of whether injury occurred in the course and scope of employment is a mixed question of law and fact. *Winkler v. Wadleigh Offshore, Inc.*, 01-1833 (La.App. 4 Cir. 4/24/02), 817 So.2d 313, 316

(citing *Wright v. Skate Country, Inc.*, 98-0217 (La.App. 4 Cir. 5/12/99), 734 So.2d 874).

Recently, this court addressed a claimant's burden in proving the [sic] he/she suffered a work-related accident:

> In order to recover workers' compensation benefits, an injured employee must prove by a preponderance of the evidence that he suffered a "personal injury by accident arising out of and in the course of his employment." La.R.S. 23:1031(A). An "accident" is defined as an "unexpected or unforseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1).

The Louisiana Supreme Court, in *Bruno v. Harbert International Inc.*, 593 So.2d 357, 361 (La.1992), expounded on what proof will satisfy an employee's burden in proving a work-related injury:

> A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979); Malone and Johnson, *13 Louisiana Civil Law Treatise, Workers' Compensation,* § 253 (2d Ed.1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, supra; *Nelson v. [Roadway Express, Inc.*, 588 So.2d 350 (La.1991)]. Corroboration may also be provided by medical evidence. *West*, supra.

In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." *West*, 371 So.2d at 1147; *Holiday v. Borden Chemical*, 508 So.2d 1381, 1383 (La.1987). **The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error.** *Gonzales v. Babco Farm, Inc.*, 535 So.2d 822, 824 (La.App. 2d Cir.), *writ denied*, 536 So.2d 1200 (La.1988) (collecting cases).

5

As stated in *Rosell v. ESCO*, 549 So.2d 840, 844-45 (La.1989) (citations omitted):

> When findings are based on determinations regarding the credibility of witnesses, the manifest error--clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.

*Bigge v. The Lemoine Co.*, 04-1191, pp. 2-4 (La.App. 3 Cir. 3/2/05), 896 So.2d 269, 271-72.

*Monceaux*, 919 So.2d at 798-800 (emphasis added).

Accordingly, the standard of review in this case is manifest error.

Coca-Cola asserts that the two-prongs of *Bruno*, 593 So.2d 357 are not satisfied in this case and attempts to point out numerous instances of discrepancies in testimony and other evidence. However, there is no doubt that the burden of proof is a preponderance of the evidence. Thus, the inquiry in this becomes whether "serious doubt" exists and whether Phillips' testimony is corroborated by circumstances following the alleged July 29 accident.

Specifically, Coca-Cola points to the testimony of Phillips' supervisor, Thibodeaux, as casting serious doubt on Phillips' account of events. Phillips testified that Thibodeaux told him that he had a pre-existing condition and could not file a workers' compensation claim for that. Thibodeaux testified that when Phillips had a work-related accident in February of 2003, he responded immediately upon learning

6

of the accident by going to the site and calling Coca-Cola's doctor to examine Phillips and that had Phillips reported the July 29, 2003 accident in the same manner, he would have responded in similar fashion. Coca-Cola asserts that this testimony indicates that Phillips knew the proper procedure for reporting a work-related accident and that Mr. Thibodeaux would not have taken any steps to discourage Phillips from reporting a work-related accident.

After examining the record, we cannot say that the WCJ was manifestly erroneous in either her rejection of the attack on Phillips' credibility or in her conclusion that Phillips proved the occurrence of a work-related accident. Although the accident was unwitnessed, Phillips testified as to its occurrence and the onset of pain. The WCJ acknowledged certain inconsistencies in the testimony but apparently found, as we do, that these inconsistencies did not rise to the level of "serious doubt." The WCJ had the choice of believing the employee, his girlfriend, and his treating physicians or the employer's representative, Thibodeaux. The WCJ made credibility determinations in favor of Phillips, and we cannot find any reason to disturb those evaluations.

As pointed out by Coca-Cola, Phillips has neither answered the appeal nor filed his own appeal with respect to the issue of penalties and attorney's fees. As such, we are constrained from modifying the judgment in that respect.

### DECREE

For the reasons stated above, the judgment of the workers' compensation judge is affirmed. Costs of this appeal are assessed to Defendants-Appellants, Coca-Cola Bottling Company United and Ace American Insurance Company.

**AFFIRMED.**

7