SHERYL CHARLES

VERSUS

LAKE CHARLES MEMORIAL HOSPITAL


**********


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 04-08770
CHARLOTTE L. BUSHNELL, WORKERS' COMPENSATION JUDGE


**********


ELIZABETH A. PICKETT
JUDGE


**********


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**


**Thibodeaux, C.J., dissents and assigns written reasons.**

Andrew Robinson Johnson IV
Plauche, Smith & Nieset
P. O. Box 1705
Lake Charles, LA 70602
(337) 436-0522
  Counsel for Defendant-Appellant:
  Lake Charles Memorial Hospital

Mark Zimmerman
Attorney at Law
4216 Lake Street
Lake Charles, LA 70605
(337) 474-1644
  Counsel for Plaintiff-Appellee:
  Sheryl Charles

**Pickett, Judge.**

The defendant-appellant, Lake Charles Memorial Hospital, appeals a judgment of the Office of Workers' Compensation, finding the claimant, Sheryl Charles, suffered an accident and is entitled to workers' compensation benefits. Ms. Charles has answered the appeal, seeking attorney fees for work done on this appeal.

## STATEMENT OF THE CASE

On May 26, 2002, Sheryl Charles injured her left knee while working as a certified nurse assistant at Lake Charles Memorial Hospital (LCMH). LCMH determined that the injury was covered under workers' compensation and began paying Mrs. Charles temporary total disability payments. They also paid for all costs associated with the knee injury, including two knee surgeries and subsequent rehabilitation.

While undergoing physical therapy on March 12, 2004 at LCMH, Mrs. Charles alleged an electric stimulation machine malfunctioned and caused an electric shock to jolt through her body. She claimed this electric shock caused her to injure her back. LCMH investigated her claim that an accident occurred and determined that an accident did not occur. LCMH refused to authorize treatment for her back injury.

Mrs. Charles underwent a functional capacity evaluation on July 13, 2004. Dr. Stephen Flood, who treated Mrs. Charles for her knee injury, released her to return to work on August 6, 2004. This release only took into account the injury to her knee, not her complaints about her back injury following the March 12, 2004, accident. LCMH offered Mrs. Charles a position to return to work on January 10, 2005. When she failed to return to work, they terminated Mrs. Charles' benefits.

Mrs. Charles filed a disputed claim for compensation on November 29, 2004,

1

alleging she injured her back when she was shocked while undergoing physical therapy for her knee. LCMH filed an answer denying that an accident occurred on March 12, 2004. A trial before the workers' compensation judge (WCJ) was held on June 22, 2006, after which the WCJ took the matter under advisement. On September 26, 2006, the WCJ issued a judgment in favor of Mrs. Charles. In oral reasons for ruling dated October 2, 2006, she found that an accident occurred on March 12, 2004, that the accident caused aggravation of Mrs. Charles' preexisting back condition, and that LCMH failed to reasonably controvert the claim. She awarded Mrs. Charles "all back payments," as well as $2,000.00 in penalties and $6,000.00 in attorney fees.

LCMH now appeals that judgment, and Mrs. Charles has answered that appeal.

## ASSIGNMENTS OF ERROR

The appellant, Lake Charles Memorial Hospital, asserts three assignments of error:

1.  The trial court committed manifest factual error in finding that plaintiff received personal injury by accident arising out of and in the course of her employment with LCMH.

2.  The trial court committed a reversible, prejudicial legal error in admitting into evidence the August 30, 2005 letter from plaintiff's counsel to Dr. Bernauer.

3.  The trial [court] erred in finding that LCMH failed to reasonably controvert plaintiff's claim and, thus, erred in awarding penalties and attorney fees.

The appellee, Sheryl Charles, answers the appeal, seeking attorney fees for work done on this appeal.

## DISCUSSION

The first assignment of error involves the issue of whether an accident actually occurred on March 12, 2004. The WCJ found that an accident occurred. This is a

finding of fact subject to review under the manifest error standard. *Dean v. Southmark Constr.*, 03-1051 (La. 7/6/04), 879 So.2d 112.

Mrs. Charles testified that while she was receiving electric stimulation to her knee, she suddenly felt a surge of pain all through her body. This pain caused her to scream and writhe on the treatment table. The physical therapist, Jerry Stillwell, testified that he heard Mrs. Charles scream, but his back was turned when she did, so he did not see her move. He testified that Mrs. Charles was grabbing at her shirt. He also stated that before he turned the machine off, there was an error code, though he did not record it. Mrs. Charles' blood pressure increased, and she was taken to the emergency room until it returned to normal. All of this information was confirmed by Mr. Stillwell's notes taken on March 12, 2004.

Bill Wilkie, the safety officer for LCMH, conducted an investigation of the incident. He testified that he was unable to duplicate the situation that Mrs. Charles claims occurred. He contacted the manufacturer of the device, and they could not explain the incident either. Based on this information, LCMH determined there was no accident. After she was released to go back to work regarding the original injury and failed to do so, Mrs. Charles' worker's compensation benefits were terminated.

The WCJ found Mrs. Charles' story to be credible and the testimony of Mr. Stillwell corroborated her version of events. We find there is ample evidence to support the finding of the WCJ that an accident occurred on March 12, 2004. Thus, there is no manifest error in this conclusion by the WCJ. This assignment of error lacks merit.

The second assignment of error concerns the admission of evidence. "The trial judge is accorded vast discretion concerning the admission of evidence, and his

3

decision will not be reversed on appeal absent an abuse of that discretion." *Foster v. Rabalais Masonry, Inc.*, 01-1394, p. 6 (La.App. 3 Cir. 3/6/02), 811 So.2d 1160, 1164, *writ denied*, 02-1164 (La. 6/14/02), 818 So.2d 784 (citation omitted).

The WCJ admitted a letter offered into evidence by Mrs. Charles over the objection of LCMH. The letter was written by Mrs. Charles' attorney to Dr. Dale Bernauer, who treated Mrs. Charles' back injuries which she claims arose out of the March 12, 2004 accident. The letter provided some background on the incident and then posed four questions, including a question about causation. The letter includes short handwritten notes, presumably from Dr. Bernauer, answering the questions posed. The letter is signed by Dr. Bernauer.

LCMH objected to the introduction of the letter, arguing that it was not competent evidence since it was not an affidavit or testimony under oath. Section 6209 of the Office of Workers' Compensation (OWC) Hearing Rules states:

Expert medical testimony may be admitted by:

A.  Reports of any health care provider certified as a true copy in accordance with the Louisiana Revised Statutes 13:3715.1.
B.  Deposition.
C.  Oral examination in open court proceedings; however, no more than two physicians may present testimony for either party except by order of the judge.
D.  Any other manner provided by law.

The letter is not a certified copy of a medical report, a deposition, or an oral examination in open court.

Mrs. Charles argues that LCMH did not object to the letter within ten days of receiving it in September 2005, thus it is deemed admitted pursuant to OWC Hearing Rules section 5933(B). This section applies only to medical reports, and this letter is not a medical report. Thus, this section does not apply.

4

Secondly Mrs. Charles argues that the letter should be considered "competent hearsay evidence." The supreme court discussed the relaxed rules of evidence applicable to workers' compensation proceedings in *Chaisson v. Cajun Bag & Supply Co.*, 97-1225, pp. 9-14 (La. 3/4/98), 708 So.2d 375, 381-382 (footnote omitted):

> LSA-RS 23:1317 mandates that the hearing officer's factual findings be based on "competent evidence." LA.REV.STAT. ANN. 23:1317(A) (West Supp.1997). This legislative mandate is necessary because under the express language of LSA-RS 23:1317, worker's compensation hearing officers are "not bound by the technical rules of evidence." *Id.* In other words, the hearing officer has the discretion to admit evidence that would otherwise be inadmissible under the Louisiana Code of Evidence. This more relaxed standard for the admissibility of evidence is the general rule in proceedings before administrative agencies. MCCORMICK ON EVIDENCE § 352 (4th ed.1992). The legislative requirement that a hearing officer's factual findings be based upon competent evidence is the safeguard that ensures that the factual findings are made on evidence that has some degree of reliability and trustworthiness, notwithstanding that the evidence might fall outside of the technical rules for admissibility. Therefore, when a reviewing court evaluates the factual findings of a hearing officer under the manifest error standard, it must determine whether the factual findings are reasonable *and supported by competent evidence in the record.* Although the Legislature has not defined "competent evidence," in order to give the relaxed evidentiary standard in LSA-RS 23:1317 effect, it must not be defined so narrowly as to mean only evidence that would fall within the parameters of the Louisiana Code of Evidence. If the hearing officer's factual findings are reasonably supported by competent evidence, then the reviewing court must affirm them.
>
> In the instant case, we are first called upon to decide whether hearsay evidence can qualify as competent evidence. "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." LA.CODE EVID. ANN. art. 801(C) (West 1995). The traditional exclusion of hearsay evidence is based upon concerns of unreliability that arise from the inability to test the veracity of the out-of-court declarant. *State v. Arnold*, 367 So.2d 324, 326 (La.1979). However, as was noted by one administrative law scholar, "[T]he reliability of hearsay ranges from the least to the most reliable. The reliability of non-hearsay also ranges from the least to the most reliable. Therefore the guide should be a judgment about the reliability of particular evidence in a particular circumstance, not the technical hearsay rule with all of its complex exceptions." Kenneth Davis,

*Hearsay in Administrative Proceedings*, 32 GEO. WASH. L.REV. 689, 689 (1964).

Given the relaxed evidentiary standard for worker's compensation proceedings, Professor Davis's approach--to evaluate the quality, i.e. reliability, of the hearsay evidence on the particular facts and circumstances of the case--makes sense, especially since most hearsay evidence in administrative hearings is generally reliable documentary evidence, such as correspondence, physician's reports, and the like. MCCORMICK ON EVIDENCE § 352 (4th ed.1992). Thus, the general rule in administrative hearings is to allow hearsay evidence and to recognize that the inability to cross-examine the declarant affects the weight that the evidence carries. *Id.*

. . . .

To give effect to the more relaxed evidentiary standards in LSA-RS 23:1317, we hold that the hearing officer has the discretion to admit hearsay evidence in worker's compensation proceedings. We further hold that such evidence can qualify as "competent evidence," provided that the evidence has some degree of reliability and trustworthiness and is of the type that reasonable persons would rely upon. This determination must be made on a case-by-case basis under the particular facts and circumstances. The reviewing court must evaluate the competency of the evidence under the manifest error standard.

We do not find the letter to be competent evidence. The WCJ committed legal error by admitting it into evidence. While in general the rule concerning hearsay evidence might be more relaxed in workers' compensation cases in some circumstances, the rule concerning expert medical testimony is more stringent, and it is applicable here. Thus, the letter is inadmissible.

Therefore, the only evidence linking the March 12, 2004, accident to the aggravation of Mrs. Charles' back injury is her own testimony. Her testimony is corroborated by the testimony of Mr. Stillwell. A worker's corroborated testimony that is not discredited by other evidence is sufficient to discharge her burden of proving an unwitnessed work-related injury. *Phillips v. Coca-Cola Bottling Co. United*, 06-323 (La.App. 3 Cir. 9/27/06), 939 So.2d 673.

The final assignment of error involves the WCJ's imposition of penalties and attorney fees based on LCMH's failure to reasonably controvert Mrs. Charles' claim. "The determination whether an employer should be cast with penalties and attorney fees in a workers' compensation case is essentially a question of fact and a workers' compensation judges' finding shall not be disturbed absent manifest error." *Carter v. Wal-Mart Stores, Inc.*, 02-122, p. 6 (La.App. 3 Cir. 6/26/02), 820 So.2d 1265, 1270, *writ denied*, 02-2074 (La. 11/1/02), 828 So.2d 573 (citation omitted). The evidence supports the WCJ's finding that LCMH failed to reasonably controvert the claim. This assignment of error lacks merit.

Mrs. Charles answered the appeal seeking attorney fees for work done on the appeal. We award $2,000.00 for work done on this appeal.

## CONCLUSION

The judgment of the workers' compensation judge is affirmed. We award $2,000.00 in attorney fees to Mrs. Charles for work done on the appeal. Costs of this appeal are assessed to LCMH.

**AFFIRMED.**

7

SHERYL CHARLES

VERSUS

LAKE CHARLES MEMORIAL HOSPITAL


**THIBODEAUX, Chief Judge, dissenting.**


The decision of the majority to award workers' compensation benefits to the plaintiff is neither legally nor factually supportable. I agree that an accident occurred and the proof was sufficient to prove the occurrence of the accident. The proof, however, of a *compensable* accident is nonexistent. The record is bereft of any competent proof showing objective findings of an injury. *See* La.R.S. 23:1021(1). In order for an accident producing an injury to be compensable, there must be admissible and competent evidence of disability. Dr. Bernauer's answers to hypotheticals posed to him in a letter from the plaintiff's attorney was inadmissible. The majority recognizes this and no further discussion will amplify this correct observation. Without the purported evidence posed in the hypotheticals, there is nothing in the record to prove that Mrs. Charles cannot return to her work because of the back problems which allegedly occurred on March 12, 2004.

The majority asserts that "the only evidence linking the March 12, 2004, accident to the aggravation of Mrs. Charles's back injury is her own testimony. Her testimony is corroborated by the testimony of Mr. Stillwell." This is not entirely correct. Mr. Stillwell's testimony corroborates only the occurrence of an accident;

it does not and cannot prove disability or the extent of disability. The majority's reference to *Phillips v. Coca-Cola Bottling Co. United*, 06-323 (La.App. 3 Cir. 9/27/06), 939 So.2d 673 is unavailing. *Phillips* focused on the *occurrence of an accident*, not the existence of *disability*. The existence solely of an accident is simply insufficient; there must be some disability and some proof of disability which is lacking in this case.

> Louisiana Revised Statutes 23:1317(A) in pertinent part states:
>
> The workers' compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon *competent* evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by *competent evidence*, or for which there are or have been objective conditions or symptoms *proven*, not within the physical or mental control of the injured employee himself.

(Emphasis added).

The majority fails to heed the directives of this statue and, in so doing, fell into error.

> For the foregoing reasons, I respectfully dissent.