THIBODEAUX, Chief Judge,
dissenting.
_JjThe decision of the majority to award workers’ compensation benefits to the plaintiff is neither legally nor factually supportable. I agree that an accident occurred and the proof was sufficient to prove the occurrence of the accident. The proof, however, of a compensable accident is nonexistent. The record is bereft of any competent proof showing objective findings of an injury. See La.R.S. 28:1021(1). In order for an accident producing an injury to be compensable, there must be admissible and competent evidence of disability. Dr. Bernauer’s answers to hypotheticals posed to him in a letter from the plaintiffs attorney was inadmissible. The majority recognizes this and no further discussion will amplify this correct observation. Without the purported evidence posed in the hypotheticals, there is nothing in the record to prove that Mrs. Charles cannot return to her work because of the back problems which allegedly occurred on March 12, 2004.
The majority asserts that “the only evidence linking the March 12, 2004, accident to the aggravation of Mrs. Charles’s back injury is her own testimony. Her testimony is corroborated by the testimony of Mr. Stillwell.” This is not entirely correct. Mr. Stillwell’s testimony corroborates only the occurrence of an accident; l2it does not and cannot prove disability or the extent of disability. The majority’s reference to Phillips v. Cocar-Cola Bottling Co. United, 06-323 (La.App. 3 Cir. 9/27/06), 939 So.2d 673 is unavailing. Phillips focused on the occurrence of an accident, not the existence of disability. The existence solely of an accident is simply insufficient; there must be some disability and some proof of disability which is lacking in this case.
Louisiana Revised Statutes 23:1317(A) in pertinent part states:
The workers’ compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself.
(Emphasis added).
The majority fails to heed the directives of this statute and, in so doing, fell into error.
For the foregoing reasons, I respectfully dissent.