# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 07-76

KENNETH D. LOPEZ

VERSUS

TOWN OF ZWOLLE

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION District # 2
PARISH OF RAPIDES, NO. 02-09213
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

### ELIZABETH A. PICKETT
### JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

**AFFIRMED AS AMENDED.**

George A. Flournoy
Flournoy & Doggett
P. O. Box 1270
Alexandria, LA 71309-1270
Counsel for Claimant/Appellee:
    Kenneth D. Lopez

Joseph B. Stamey
Stamey & Miller, LLC
P. O. Box 1288
Natchitoches, LA 71458-1288
Counsel for Defendant/Appellant:
    Town of Zwolle

**Pickett, Judge.**

The defendant, the Town of Zwolle, appeals a judgment of an Office of Workers' Compensation Judge (WCJ) finding the claimant, Kenneth Lopez, temporarily totally disabled and awarding the claimant workers' compensation benefits, penalties and attorney's fees. The claimant answered the appeal seeking an increase in attorney's fees for work necessitated by this appeal. We affirm the judgment of the WCJ and award the claimant an additional $2500.00 in attorney's fees.

## FACTS

The claimant was employed by the Town of Zwolle Streets Department on October 2, 2002, when he allegedly injured his back, right arm and elbow while lifting an old, chest-type deep freezer into a dump truck. The Town of Zwolle disputed Mr. Lopez's claim and refused to pay any workers' compensation benefits. A Disputed Claim For Compensation Form was filed on December 12, 2002. Trial of the matter was held June 21, 2006, and, following a delay to allow the defense to depose a witness, reasons for judgment were read into the record on October 17, 2006. The WCJ found that the claimant had carried his burden of proving a work related accident, his subsequent disability, and that the defendant's denial of the claim without adequate investigation was arbitrary and capricious. The WCJ awarded the claimant all back due weekly benefits, all medical expenses incurred in connection with the claimant's injuries, and ordered the defendant to pay for an MRI recommended by Drs. Garland Miller and Carl Goodman. Additionally, the claimant was awarded $8,000.00 (combined award) in penalties for the defendant's failure to pay indemnity and medical benefits. The claimant was also awarded $5,500.00 in

1

attorney's fees plus interest and costs. The defendant appeals arguing that the WCJ erred in finding that the claimant sustained his burden of proof in establishing an accident in the course and scope of his employment. The claimant answered the appeal seeking additional attorney's fees necessitated by this appeal.

## LAW AND DISCUSSION

The issues raised in this case have been discussed many times before. In *Phillips v. Coca-Cola Bottling Co. United*, 06-323 (La.App. 3 Cir 9/27/06), 939 So.2d 673, this court observed the following:

> This court, in *Monceaux v. R & R Construction, Inc.*, 05-533 (La.App. 3 Cir. 12/30/05), 919 So.2d 795, *writs denied*, 06-0585 (La.5/5/06), 927 So.2d 325, 06-0636 (La.5/5/06), 927 So.2d 317, had occasion to address both the standard of review and a claimant's burden of proof in workers' compensation cases involving unwitnessed accidents. In that case, we said:
>
>> In *Dean v. Southmark Construction*, 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117, the supreme court discussed the standard of review in workers' compensation cases:
>>
>>> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt*

2

*Co.*, 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Robinson*, 865 So.2d at 105. The determination of whether injury occurred in the course and scope of employment is a mixed question of law and fact. *Winkler v. Wadleigh Offshore, Inc.*, 01-1833 (La.App. 4 Cir. 4/24/02), 817 So.2d 313, 316 (citing *Wright v. Skate Country, Inc.*, 98-0217 (La.App. 4 Cir. 5/12/99), 734 So.2d 874).

Recently, this court addressed a claimant's burden in proving the [sic] he/she suffered a work-related accident:

In order to recover workers' compensation benefits, an injured employee must prove by a preponderance of the evidence that he suffered a "personal injury by accident arising out of and in the course of his employment." La.R.S. 23:1031(A). An "accident" is defined as an "unexpected or unforseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1).

The Louisiana Supreme Court, in *Bruno v. Harbert International Inc.*, 593 So.2d 357, 361 (La.1992), expounded on what proof will satisfy an employee's burden in proving a work-related injury:

A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979); Malone and Johnson, *13 Louisiana Civil Law Treatise, Workers' Compensation*, § 253 (2d Ed.1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, supra; *Nelson v. [Roadway Express, Inc.*, 588 So.2d 350 (La.1991)]. Corroboration may also be provided by medical evidence. *West*, supra.

3

In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." *West*, 371 So.2d at 1147; *Holiday v. Borden Chemical*, 508 So.2d 1381, 1383 (La.1987). **The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error.** *Gonzales v. Babco Farm, Inc.*, 535 So.2d 822, 824 (La.App. 2d Cir.), *writ denied*, 536 So.2d 1200 (La.1988) (collecting cases).

As stated in *Rosell v. ESCO*, 549 So.2d 840, 844-45 (La.1989) (citations omitted):

> When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.

*Bigge v. The Lemoine Co.*, 04-1191, pp. 2-4 (La.App. 3 Cir. 3/2/05), 896 So.2d 269, 271-72.

*Monceaux*, 919 So.2d at 798-800 (emphasis added).

*Phillips*, 939 So.2d at 675-77, [bolded emphasis in original].

Although the accident in *Monceau* was unwitnessed, the principles of law enunciated therein are applicable to the case sub judice. In this case, even though the accident was witnessed by a fellow employee, Ricky Williams, Mr. Williams was not called as a witness at the hearing. The defendant did submit a hand-written statement

4

by Mr. Williams (D-4). That statement was objected to by the claimant. The WCJ noted the exception, but allowed the hand-written statement to be introduced. [We note that an abbreviated form of that statement was introduced in exhibit P-5, the Supervisor's Accident Investigation packet.] At the close of the hearing on June 21, 2006, the WCJ left the record open for 60 days to allow for the taking of Mr. Williams' deposition. The deposition contains no information that would differ significantly from that in exhibits D-4 and P-5. In the deposition Mr. Williams states, "I asked him [Mr. Lopez] would he lift up one end for me and after he did that I got it. . . . We both got on down against the end of it and we lifted up. . . ."

We find the claimant's case fits squarely under the burden of proof expounded by the supreme court in *Bruno*. The defense offered no evidence which discredited or cast serious doubt upon the claimant's version of the incident. The claimant's testimony is corroborated by the medical records and depositions of the physicians he saw following the alleged incident. His testimony is corroborated by the testimony of his spouse.

The WCJ chose to accept the claimant's testimony and evidence, and we find nothing in the record to convince us that the findings of the WCJ are clearly wrong or manifestly erroneous.

The claimant answered the defendant's appeal seeking additional attorney's fees for the work necessitated by the defendant's appeal. We find merit in this request and award the claimant $2,500.00 in additional attorney's fees. All costs of this appeal are assessed against the defendant, the Town of Zwolle.

**AFFIRMED AS AMENDED.**

5