# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 13-467


**LEROY HERRON**

**VERSUS**

**LABOR FINDERS-LFI FORT PIERCE, INC.**



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 1200516
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and Billy Howard Ezell, Judges.


**AFFIRMED.**



**AMY, J., concurs in the result.**


**Philip Gardiner Hunter**
**Joseph Yuri Beck**
**Hunter & Beck**
**P. O. Box 11710**
**Alexandria, LA 71315-1710**
**(318) 487-1997**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Leroy Herron**

**Kirk Lindsay Landry**
**Keogh, Cox & Wilson**
**P. O. Box 1151**
**Baton Rouge, LA 70821**
**(225) 383-3796**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Ace American Insurance Company**
    **Labor Finders-LFI Fort Pierce, Inc.**

**EZELL, Judge.**

Labor Finders - LFI Fort Pierce, Inc. (hereinafter LFI) appeals the decision of the workers' compensation judge below finding that Leroy Herron suffered a work-related injury to his back. For the following reasons, we hereby affirm the decision of the workers' compensation judge.

Mr. Herron sustained a workplace injury on August 24, 2011. That day, he was on a stepladder cutting catalytic converters from junked cars for his employer, LFI. LFI was providing labor services for U-Pull-It Auto, a salvage yard. Mr. Herron was cutting parts when a piece of a catalytic converter swung free and struck his hand. According to Mr. Herron, this severely sliced his hand and caused him to fall from the ladder and land on his buttocks. The workplace injury to his hand is undisputed and is not at issue in this litigation. Because of the severity of the laceration, Mr. Herron was taken to Rapides Regional Medical Center. Surgery was performed on his hand that day and again at a later time. From that date, Mr. Herron was prescribed narcotic pain medications and remained on them until January 24, 2012, when he was placed on a tapering dose of Percocet. On February 8, 2012, roughly two weeks after decreasing his pain medications, Mr. Herron visited Dr. Gerald Leglue for back pain he claims arose from the incident involving his hand. Dr. Leglue sought to have an MRI performed on Mr. Herron's back, but LFI did not approve it. Mr. Herron then filed the current disputed claim for compensation.

After a hearing below, the workers' compensation judge ruled that Mr. Herron had proven a work injury to his back and ordered LFI to provide medical care for that injury. From that decision, LFI appeals.

LFI asserts three assignments of error on appeal. It claims that the workers' compensation judge erred in applying the preponderance of the evidence burden of proof to an unwitnessed accident; that the workers' compensation judge erred in ruling that Mr. Herron injured his back in a work accident; and that the workers' compensation judge erred in relying solely on Mr. Herron's testimony in reaching that finding. Because LFI's last two assignments of error overlap greatly, they will be addressed as one.

LFI first claims that the workers' compensation judge applied an incorrect burden of proof to this case when he used the preponderance of the evidence standard. We could not disagree more. The law concerning a plaintiff's burden of proof in workers' compensation cases could not be clearer. "[A]s in other civil actions, the plaintiff-worker in a compensation action has the burden of establishing a work-related accident *by a preponderance of the evidence*." *Bruno v. Harbert Int'l Inc.*, 593 So.2d 357, 361 (La.1992)(citing *Prim v. City of Shreveport,* 297 So.2d 421 (La.1974), and *Nelson v. Roadway Express, Inc.,* 588 So.2d 350 (La.1991))(emphasis ours).

However, in this assignment of error, LFI asserts that the elements required by *Bruno* to prove an unwitnessed accident somehow change the prescribed burden of proof to something higher than preponderance of the evidence. This argument is specious at best and unsupported by the law. Immediately after plainly declaring that a preponderance of the evidence standard exists for workers' compensation cases, *Bruno* states that "[a] worker's testimony alone may be sufficient to discharge *this burden of proof*, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the

2

alleged incident." *Id.* (emphasis ours). It is clear from a plain reading of the law that these additional elements set forth in *Bruno* are but elements that need to be proven *by* a preponderance of the evidence. "[T]here is no doubt that the burden of proof is a preponderance of the evidence." *Phillips v. Coca-Cola Bottling Co. United*, 06-323, p.6 (La. App. 3 Cir. 9/27/06), 939 So.2d 673, 677. The workers' compensation judge applied the correct burden of proof in applying the preponderance of the evidence standard. This assignment of error is utterly devoid of merit.

LFI next claims that the workers' compensation judge committed manifest error in finding that Mr. Herron sustained a work-related injury based on his testimony alone.

> As in other civil actions, the plaintiff-worker in a compensation action has the burden of establishing a work-related accident. *Nelson v. Roadway Express, Inc.,* 588 So.2d 350 (La.1991); *Prim v. City of Shreveport,* 297 So.2d 421 (La.1974). An employee may prove by his or her testimony alone that an unwitnessed accident occurred in the course and scope of employment if the employee can satisfy two elements: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged accident. *Bruno v. Harbert International, Inc., supra,* 593 So.2d at 361 (citing *West v. Bayou Vista Manor, Inc.,* 371 So.2d 1146 (La.1979); Malone and Johnson, 13 *Civil Law Treatise, Workers' Compensation,* Section 253 (2d Ed.1980)). As we noted in *Bruno,* corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses, or friends, or by medical evidence. *Id.* (citing *West, Nelson*, and Malone and Johnson).

> In *Bruno,* we cautioned that, in deciding whether the plaintiff-worker has discharged his or her burden of proof, the fact-finder "should accept as true a witness's uncontradicted testimony, although the witness is a party, absent 'circumstances casting suspicion on the reliability of this testimony.' " 593 So.2d at 361 (quoting *West,* 371 So.2d at 1147, and citing *Holiday v. Borden Chemical,* 508 So.2d 1381, 1383 (La.1987)). The fact-finder's determinations as to whether the worker's testimony is credible and whether the worker has discharged his burden of proof are, most certainly, factual determinations that should not be disturbed on appellate review unless

clearly wrong or manifestly erroneous. *Id.* (citing *Gonzales v. Babco Farm, Inc.,* 535 So.2d 822, 824 (La.App. 2d Cir.), *writ denied,* 536 So.2d 1200 (La.1988)).

It is well-settled that a reviewing court may not disturb the factual findings of the trier of fact in the absence of manifest error. *Rosell v. ESCO,* 549 So.2d 840, 844 (La.1989); *Arceneaux v. Domingue,* 365 So.2d 1330, 1333 (La.1979). In *Arceneaux,* we set forth a two-part test for the appellate review of facts: (1) the appellate court must find from the record that there is a reasonable factual basis for the finding of the trial court, and (2) the appellate court must further determine that the record establishes the finding is not clearly wrong or manifestly erroneous. *Arceneaux,* 365 So.2d at 1333; *see also Mart v. Hill,* 505 So.2d 1120, 1127 (La.1987). If the trial court's findings are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse. *Sistler v. Liberty Mutual Ins. Co.,* 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. *Stobart v. State, Through Department of Transportation and Development,* 617 So.2d 880, 883 (La.1993); *Sistler,* 558 So.2d at 1112.

*Ardoin v. Firestone Polymers, L.L.C.,* 10-245, pp. 5-6 (La. 1/19/11), 56 So.3d 215, 218-19.

LFI likens this case factually to *Ardoin*, because there was a delay in reporting the injury. However, in that case, the plaintiff admitted he did not report the accident until some eighteen months after he claimed it occurred. Here, the delay was a much shorter six months. Moreover, while the workers' compensation judge may not have stated it as plainly as LFI would have liked, it is clear that the workers' compensation judge found an acceptable reason for the delay between the accident and the first documented claim of back pain in Mr. Herron's medical records. The workers' compensation judge noted in his reasons the extended period of time Mr. Herron was on narcotic pain medication for his hand injury and it is evident that the workers' compensation judge found that these medications masked or reduced Mr. Herron's back pain until he was weaned from them, just

4

two weeks prior to his first doctor's visit specifically for his back. This finding is reasonable.

While LFI claims that the facts of this case do not support Mr. Herron's version of the events, Mr. Herron's testimony that he fell from the ladder at the time of the accident is not only uncontradicted, but it is supported by the record. Although the overwhelming majority of his medical records focus on his severely injured hand, Mr. Herron's medical records from Rapides Regional Medical Center on August 24, 2011, note a "Secondary Diagnosis" of an "Accidental fall from one level to another." His testimony that his back pain began shortly after the fall is also uncontradicted.

Additionally, Mr. Herron's testimony is corroborated by his wife, who testified that he told her his back hurt shortly after the accident. She testified that Mr. Herron had trouble sleeping at night due to the back pain and that his back hurt continuously since the fall. The workers' compensation judge found them both to be credible witnesses, noting their forthrightness when discussing prior injuries to Mr. Herron's back which had resolved prior to his employment with LFI.

Ultimately, the workers' compensation judge found that the circumstances surrounding this case did not cast serious doubt upon Mr. Herron's version of the incident or cast suspicion on the reliability of his testimony. Mr. Herron's version of the events surrounding his injury was corroborated by his wife. The workers' compensation judge repeatedly stated that he found Mr. Herron and his wife to be credible witnesses. "When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings." *Rosell v. ESCO,* 549 So.2d 840, 844-45 (La.1989) (citations omitted). Nothing in the record so contradicts Mr. Herron's

story so as to make it incredible, and a reasonable factual basis for the workers' compensation judge's findings does exist. Accordingly, there can be no manifest error in the workers' compensation judge's determination. This assignment of error also lacks merit.

For the above reasons, the decision of the workers' compensation judge is hereby affirmed. Costs of this appeal are hereby assessed against LFI.

**AFFIRMED.**