STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-690


ISIAH LOUCIOUS

VERSUS

CREST INDUSTRIES, ET AL.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - District 2
PARISH OF RAPIDES, NO. 14-06362
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Phyllis M. Keaty, Judges.


AFFIRMED.


Malcolm X. Larvadain
Attorney at Law
626 Eighth Street
Alexandria, LA 71301
(318) 445-3533
COUNSEL FOR PLAINTIFF/APPELLANT:
    Isiah Loucious

**Skylar J. Comeaux**
**Anderson, Stephens, Grace & Collins**
**2014 W. Pinhook, Suite 503**
**Lafayette, LA 70508**
**(337) 235-7888**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Zurich American Insurance Company**
**Crest Industries, LLC**

**SAUNDERS, Judge**

Isiah Loucious (hereinafter "Appellant") appeals from the grant of summary judgment in favor of Defendants: Crest Industries, LLC/Dis-tran Steel, LLC, his employer (hereinafter "Crest"), and its insurer, Zurich American Insurance Company (hereinafter Defendants may be collectively referred to as "Appellees"). For the reasons that follow, we affirm the judgement of the workers' compensation judge.

**FACTS AND PROCEDURAL HISTORY**

Crest hired Appellant on February 19, 2014 as a welding trainee. On April 11, 2014, while welding and performing other employment duties, Appellant alleges that he began experiencing cramping and swelling in his right arm and hand. Eventually, Appellant was diagnosed with compartment syndrome.

On September 26, 2014, Appellant filed a Disputed Claim for Compensation, alleging that his injury was an occupational disease and asserting that Crest had not paid wage benefits and had not authorized medical treatment. On October 17, 2014, Appellees answered the claim, denying each of Appellant's allegations. Thereafter, on February 11, 2015, Appellees filed a motion for summary judgment, asserting that there was no genuine issue of material fact because Appellant could not rebut a statutory presumption against coverage and had complained of weak handgrip, numbness, and tingling in both hands for a number of years prior to the alleged development of his occupational disease.

On March 10, 2015, Appellant opposed the motion and, in support of his opposition, attached a document purporting to be a medical record from Raymond K. Beurlot, M.D., on which the physician checked "yes" next to the statement: "Despite working for Crest Industries from February, 2014 to April 11, 2014, the compartment syndrome in the right hand/arm developed, more probably than not,

during the course and scope of employment with Crest Industries, LLC." The document was dated March 9, 2015.

Appellees moved to strike the opposition, asserting that the opposition was untimely, as it was filed less than eight calendar days prior to the March 16, 2015 hearing, and that the document submitted by Appellant in opposition to the motion for summary judgment was inadmissible hearsay. After the hearing, the motion to strike was denied, and the motion for summary judgment was granted.

In his oral ruling, the workers' compensation judge explained:

> The predicate fact is therefore undisputed in this case . . . that his occupational disease developed within . . . two months of the time he began his employment.

> The inference or presumption mandated by the Legislature for the establishment of the predicate fact, is that the occupational disease was not contracted in the course and scope of the employment, but was contracted before.

> The evidence necessary to controvert the fact to be inferred under Code of Evidence Article 305, would have to focus on the injured worker's work activities or life experiences before the time of the employment in question.

> . . . .

> There's nothing in [the purported record] from Dr. Beurlot that indicates he has any idea what the specific job functions and duties of [Appellant] was. And that's the burden of proof that [Appellant] has to establish.

It is from this judgment that the instant appeal arises.

**SUMMARY JUDGMENT STANDARD**

The grant of summary judgment is reviewed de novo using the same criteria as the trial court. *Menard v. City of Lafayette*, 01–4 (La.App. 3 Cir. 5/23/01), 786 So.2d 354. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art.

966(A)(2). Judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2).

Generally, the burden of proof is on the movant. La.Code Civ.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, the movant, instead, must merely point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.*; *Thibodeaux v. Lafayette Gen. Surgical Hosp., LLC*, 09– 1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544.

> If the movant has made a prima facie case that the motion should be granted, the burden shifts to the adverse party to produce enough evidence to show that some issues of material fact remain. *Hutchinson v. Knights of Columbus, Council No. 5747*, 03–1533 (La.2/20/04), 866 So.2d 228. If the non-moving party fails to produce the evidence sufficient to raise an issue of material fact, the court must grant the motion as a matter of law. *Id.*

> Once the movant satisfied his initial burden, the non-moving party may not simply rely on the allegations or denials contained in the pleadings. La.Code. Civ.P. art. 967; *Ardoin v. Pitre*, (La.App. 3 Cir.1983), 430 So.2d 815. Instead, the non-moving party must submit affidavits or other evidence or state specific facts that would show a genuine issue for trial. *Id.*

*Phillips v. Lafayette Parish Sch. Bd.*, 10-373, pp. 4-5 (La.App. 3 Cir. 12/08/10), 54 So.3d 739, 743.

**DISCUSSION**

In his sole assignment of error, Appellant asserts that the workers' compensation judge erred in concluding that the document purporting to be a medical record lacked sufficient detail to create a genuine issue of material fact; and thus, that the workers' compensation judge erred in granting summary

3

judgment in Appellees' favor. In support of this assertion, Appellant argues that the document submitted with his opposition created a genuine issue of material fact, although it may have been insufficient to carry his burden of proof at trial, and that workers' compensation judge "engaged in the weighing of evidence . . . which is squarely prohibited under summary judgment[.]" Appellees counter this argument, asserting that the document submitted by Appellant should be disregarded because it is not an affidavit or otherwise sworn, and it is not certified, notarized, or based on personal knowledge; and thus, is hearsay. For the following reasons, we affirm the judgment of the workers' compensation judge.

Louisiana Revised Statutes 23:1031.1 provides, in pertinent part:

A. Every employee who is disabled because of the contraction of an occupational disease as herein defined . . . shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.

B. An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome. Degenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section.

. . . .

D. Any occupational disease contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed not to have been contracted in the course of and arising out of such employment, provided, however, that any such occupational disease so contracted within the twelve months' limitation as set out herein shall become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months' employment by a preponderance of evidence.

4

The second circuit explained the claimant's burden of proof in the context of an occupational disease arising within twelve months of employment as follows:

> Sections A and B of the Statute together provide that the employee's contraction of an occupational disease "due to causes and conditions" of employment is "the same as if the said employee received personal injury by accident arising out of and in the course of his employment." The legislature has broadened the concept of "accident" to extend to occupational diseases, and the event of "contraction," like the occurrence of an accident, is the primary causative factor. Subsection D of the Statute provides a statutory presumption pertaining to the causation or "contraction" factor.
>
> The effect of a rebuttable statutory presumption in a civil case is the subject of newly enacted articles in the Code of Evidence. C.E. arts. 301 *et seq.* Article 302 provides the following definitions pertinent for our review:
>
> * * * * * * * * *
>
> > (2) A "predicate fact" is a fact or group of facts which must be established for a party to be entitled to the benefits of a presumption.
> >
> > (3) A "presumption" is an inference created by legislation that the trier of fact must draw if it finds the existence of the predicate fact unless the trier of fact is persuaded by the evidence of the nonexistence of the fact to be inferred. As used herein, it does not include a particular usage of the term "presumption" where the content, context, or history of the statute indicates an intention merely to authorize but not to require the trier of fact to draw an inference.
> >
> > (4) An "inference" is a conclusion that an evidentiary fact exists based on the establishment of a predicate fact.
>
> With these definitions, Article 305 provides as follows:
>
> > If the trier of fact finds the existence of the predicate fact, and there is no evidence controverting the fact to be inferred, the trier of fact is required to find the existence of the fact to be inferred.
>
> In this case, the predicate fact for the operation of the legal presumption is the onset of symptoms of the occupational disease within the initial twelve months of employment. The predicate fact is therefore undisputed in this case since [the claimant] was only

employed for three months. The inference or presumption mandated by the legislature upon the establishment of the predicate fact is that [the claimant's] CTS was not contracted in the course and scope of her employment . . . but was contracted before the time of her employment. The evidence necessary to controvert "the fact to be inferred" under C.E. art. 305 would therefore have to focus on [the claimant's] work activities or life experiences *before* the time of [the claimant's] employment.

*Davies v. Johnson Controls, Inc.*, 36,498, pp. 7-8 (La.App. 2 Cir. 10/23/02), 830 So.2d 462, 466-67, *writ denied*, 02-2855 (La. 1/31/03), 836 So.2d 70.

In the instant matter, there is no dispute that Appellant's alleged occupational disease arose within approximately six weeks of employment. Consequently, it must be presumed that it was "not to have been contracted in the course of and arising out of [Appellant's] employment[]" with Crest, unless this presumption is rebutted. La.R.S. 23:1031.1(D). In the context of the motion for summary judgment, Appellees have made a prima facie showing that the motion should be granted by pointing out an absence of factual support for at least one element of Appellant's claim: causation. *See Rogers v. Hilltop Ret. & Rehab. Ctr.*, 13-867 (La.App. 3 Cir. 2/12/14), 153 So.3d 1053 (finding causation to be an issue of fact appropriate for resolution on summary judgment). Thus, the burden is on Appellant to rebut this presumption with evidence sufficient to controvert the inference that the disease was not contracted in the course of Appellant's employment with Crest. Such evidence should "focus on [Appellant's] work activities or life experiences before the time of [his] employment." *Davies*, 830 So.2d at 467.

Having addressed the proper burden of proof on the motion, we now turn to the evidence submitted with it. We first note that La.R.S. 23:1317(A) provides, in pertinent part, that "[t]he workers' compensation judge shall not be bound by

technical rules of evidence . . . but all findings of fact must be based upon competent evidence[.]" Our supreme court has explained:

> The Legislature in fashioning a relaxed evidentiary standard for worker's compensation proceedings envisioned the broad admission of evidence that might fall outside of the technical rules of evidence. . . . However, to ensure the reliability of the factual findings, the Legislature has mandated that the hearing officer's findings be based on "competent evidence."

*Chaisson v. Cajun Bag & Supply Co.*, 97-1225, p. 13 (La. 3/4/98), 708 So.2d 375, 383. In reviewing a trial court's disposition of a motion for summary judgment, like the trial court, an appellate court must only consider competent evidence. *See Burns v. Kenworth Motor Truck Co. of Kenworth, Tenn.*, 548 So.2d 49 (La.App. 3 Cir. 1989). Thus, "we are to assess whether the party opposing the motion has responded with competent documents to produce evidence of a material factual dispute as to the claims asserted." *Reed v. Am. Equity Ins. Co.*, 05-1298, p. 4 (La.App. 3 Cir. 4/5/06), 927 So.2d 1210, 1214.

Although evidentiary rules are more relaxed in workers' compensation proceedings, "the rule concerning expert testimony is more stringent[.]" *Charles v. Lake Charles Mem'l Hosp.*, 06-1590, p. 6 (La.App. 3 Cir. 5/30/07), 959 So.2d 571, 576, *writ denied*, 07-1607 (La. 10/26/07), 966 So.2d 581. This "more stringent" rule provides that:

> Expert medical testimony may be admitted by:
>
> A. reports of any health care provider certified as a true copy in accordance with the Louisiana Revised Statutes 13:3715.1;
>
> B. deposition;
>
> C. oral examination in open court proceedings; however, no more than two physicians may present testimony for either party except by order of the judge;
>
> D. any other manner provided by law.

La. Admin Code. tit. 40, pt. I, § 6209.

Louisiana Revised Statutes 13:3715.1(E) sets forth the requirements for certified medical records, providing:

> The records shall be accompanied by the certificate of the health care provider or other qualified witness, stating in substance each of the following:
>
> (1) That the copy is a true copy of all records described in the subpoena.
>
> (2) That the records were prepared by the health care provider in the ordinary course of the business of the health care provider at or near the time of the act, condition, or event.

In the instant matter, the workers' compensation judge admitted a document entitled "Medical Records for Isiah Loucious." It contained a series of statements, including one regarding causation, followed by blanks where either "Yes" or "No" could be checked. It is signed by the physician, under the statement, "I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRUE AND CORRECT AND KEPT IN THE COURSE OF REGULARLY CONDUCTED BUSINESS ACTIVITY." However, the physician crossed out the words "AND KEPT IN THE COURSE OF REGULARY CONDUCTED BUSINESS ACTIVITY[]" before signing it.

During the hearing on Appellees' motions, Appellant's counsel admitted that the document was crafted by him, the physician who answered the questions, and the physician's attorney. In short, the document is not a certified copy of a medical report, a deposition, or an oral examination in open court, as is required to admit expert medical testimony into the workers' compensation court. Moreover, it is not sworn. Thus, the document is not competent evidence and has no evidentiary value. Therefore, it cannot be considered in challenging Appellees' motion for summary judgment. Because the document does not constitute competent

8

evidence and Appellant has produced no other evidence to rebut the statutorily mandated presumption that the alleged occupational disease was not "contracted in the course of and arising out of such employment," with Crest, we find that Appellant failed to establish that he would be able to satisfy his evidentiary burden of proof at trial. La.R.S.23:1031.1(D). Thus, we find no error in the grant of summary judgment in Appellees' favor.

## CONCLUSION

In light of the foregoing, we find that the workers' compensation judge did not err in granting summary judgment in Appellees' favor. Thus, we affirm the judgment of the workers' compensation judge. All costs are assessed to Appellant.

**AFFIRMED.**