# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 08-719

YVONNE HALE

VERSUS

LABOR READY

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 06-07273
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

**Robert Timothy Lorio**
**Rabalais, Unland & Lorio**
**200 Caroline Court**
**Covington, LA 70433**
**(985) 893-9900**
**Counsel for Defendant/Appellee:**
**Labor Ready**

**Yvonne Hale**
**In Proper Person**
**2507 5th Avenue**
**Lake Charles, LA 70601**
**(409) 920-6936**

**EZELL, JUDGE.**

Yvonne Hale appeals the decision of a workers' compensation judge granting a summary judgment in favor of the defendant, Labor Ready. For the following reasons, we hereby affirm the decision of the workers' compensation judge.

Ms. Hale's claim arises out of a September 27, 2006 work accident. She claims she hit her head on a pipe that was sticking out from an nearby shelf. She was treated and released from the emergency room at Christus St. Patrick Hospital and told to follow up two to three days later. She met with Dr. Carolyn Hutchinson on October 9, 2006. Dr. Hutchinson noted mild tenderness only and released Ms. Hale to return to work as of October 13. She also met with her own physician, Dr. Young Kang on October 12. He found no signs of any injury to the head, but only sinusitis. He, like Dr. Hutchinson, released Ms. Hale to return to work on the 13. The medical expenses incurred as a result of the injury were all paid by Labor Ready.

Ms. Hale filed a workers' compensation claim seeking disability benefits as a result of this accident. Labor Ready moved for summary judgment, claiming that Ms. Hale had produced no evidence of any entitlement to indemnity benefits and that the medical records directly contradicted her claim of any disability. The workers' compensation judge granted the summary judgment. From that decision, Ms. Hale appeals.

Ms. Hale, acting in proper person in this matter, does not assert any assignments of error in her brief before this court. Ms. Hale's "brief" is clearly not in compliance with the requirements of the Uniform Rules Courts of Appeal, Rule 2-12.4. It has no assignments of error, no record references, no briefing of arguments, no certificate of service, and no jurisdictional statement. However, the courts of this State have considered briefs in improper form when filed by pro se claimants. *St.*

1

*Agnes Health/Rehab. Ctr. v. Ledet*, 00-1587 (La.App. 3 Cir. 3/21/01), 782 So.2d 1145. Accordingly, because Ms. Hale is representing herself, we have considered the merits of her appeal despite the improper form of her appellant brief. We presume that she believes that the workers' compensation judge erred in granting summary judgment in favor of Labor Ready.

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action. . . ." La.Code Civ.P. art. 966(A)(2).

Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783. We ask the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Ocean Energy, Inc. v. Plaquemines Parish Gov't*, 04-66 (La. 7/6/04), 880 So.2d 1.

In a workers' compensation case, the employee bears the burden of proving that an accident occurred, that it occurred in the course and scope of his employment, that the accident caused his injury, and that the injury caused his disability. *Tranchant v. Envtl. Monitoring Serv. Inc.*, 00-1160 (La.App. 5 Cir. 12/13/00), 777 So.2d 516. Because Labor Ready, as the moving party, would not bear the burden of proof at trial, Labor Ready must only point out that there is an absence of factual support for one or more elements essential to Ms. Hale's claim. La.Code Civ.P. art.

2

966(C)(2). Thereafter, if Ms. Hale fails to produce factual support sufficient to show that she will be able to meet her evidentiary burden of proof at trial, no issue of material fact exists, and Labor Ready would be entitled to summary judgment. *Id.*

The record in this case is crystal clear that Ms. Hale cannot meet her burden of proof at trial. The medical evidence shows that two physicians, including her own family doctor, unambiguously concluded that she sustained no ongoing disability as a result of her accident. Both physicians agreed that Ms. Hale was able to return to work with no restrictions and without further medical treatment. The only "evidence" Ms. Hale set forth to back her claim of disability was a slip from her chiropractor, Dr. Racca, seeking to have her released from work. However, Ms. Hale admitted in her own deposition that she was seeing Dr. Racca as a result of an automobile accident sustained weeks after the work accident and completely separate therefrom. Simply put, she has set forth no evidence whatsoever that establishes, in any way, that she has sustained any disability as a result of hitting her head at work. The workers' compensation judge's granting of the summary judgment in favor of Labor Ready was correct.

For the above reasons, the decision of the workers' compensation judge is hereby affirmed. Costs of this appeal are assessed against Ms. Hale.

**AFFIRMED.**