# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-666

**DIANNA BROUSSARD**

**VERSUS**

**LAFAYETTE PARISH SCHOOL BOARD**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 00-01898
SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Oswald A. Decuir, Judges.

**REVERSED AND RENDERED.**

Michael B. Miller
P. O. Box 1630
Crowley, LA 70527-1630
Telephone: (337) 785-9500
COUNSEL FOR:
    Plaintiff/Appellant - Dianna Broussard

Dawn L. Morris
L. Lane Roy
Preis & Roy
P. O. Drawer 94-C
Lafayette, LA 70509
Telephone: (337) 237-6062
COUNSEL FOR:
    Defendant/Appellee - Lafayette Parish School Board

**THIBODEAUX, Chief Judge.**

Plaintiff-appellant, Dianna Broussard, asserts that the Office of Workers' Compensation (OWC) erred by granting a partial final judgment in favor of Broussard's employer, Lafayette Parish School Board (LPSB). The OWC held that La.R.S. 23:1312 applies to a parish school board because it is a "public board" within the meaning of La.R.S. 23:1312, and this statute precludes assessment of penalties and attorney fees against a public board. For the following reasons, we reverse and order LPSB to pay $3,000.00 in penalties, $7,500.00 in attorney fees, all court costs, and legal interest on all amounts.

I.

## ISSUE

We shall consider whether LPSB is a "public board" within the meaning of La.R.S. 23:1312 and, thus, should not be subject to penalties and attorney fees for the failure to pay its final judgment obligations within thirty days of being due.[1]

II.

## FACTS

In 1998, Broussard sustained an injury while in the employ of LPSB. On June 11, 2003, a judgment retroactively increased Broussard's workers' compensation benefits. LPSB failed to increase Broussard's compensation and stopped paying all benefits on May 15, 2004. This court held that LPSB acted arbitrarily and capriciously by terminating the payments. *Broussard v. Lafayette Parish Sch. Bd.*,

---

[1]In its brief, LPSB argues that the application of La.R.S. 23:1201(G) to LPSB would violate the Louisiana Constitution. We do not consider this challenge because LPSB failed to present this argument to the trial court. "Louisiana's long-standing jurisprudence requires that a statute's constitutionality be questioned in the trial court and specifically pled and the grounds particularly claimed in a pleading." *Huber v. Midkiff*, 02-0664, p. 8 (La. 2/7/03), 838 So.2d 771, 776. It is apparent from the record that LPSB first questioned constitutionality of the statute in its brief to this court. Therefore, this issue is inappropriate for review.

06-268 (La.App. 3 Cir. 9/27/06), 939 So.2d 662, *writ denied*, 06-2591 (La. 1/12/07), 948 So.2d 152.

On April 9, 2007, LPSB paid $32,791.20. Yet, this amount did not include the legal interest on the arrearage. Broussard then brought a motion demanding the legal interest, penalties, and attorney fees. Sometime prior to the OWC hearing on March 14, 2008, LPSB paid the legal interest it owed but not the penalties and the legal fees that are the subjects of this dispute.

After a hearing, OWC issued a partial final judgment, denying Broussard's motion for penalties and attorney fees.

III.

## STANDARD OF REVIEW

An appellate court reviews statutory interpretations de novo. *Stewart v. Estate of Stewart*, 07-333 (La.App. 3 Cir. 10/3/07), 966 So.2d 1241.

IV.

## LAW AND DISCUSSION

Stating that a parish school board members are elected and compensated through the public funds, LPSB argues, without support of any legal authority,[2] that it is a "public board" within the meaning of La.R.S. 23:1312, and thus, should not pay penalties and attorney fees. LPSB maintains that if it is a "public board, commission or agency," La.R.S. 23:1312 applies to the exclusion of La.R.S. 23:1201(G) that requires payment of judgments within thirty days of being due and provides for

_____

[2]In its brief, LPSB cites to the definitions "board" and "school board" in the BLACK'S LAW DICTIONARY. Although sometimes helpful, dictionaries are not the law and carry very little, if any, legal authority, especially when there is positive law on the subject in dispute. *See State Dep't of Highways v. D & J Realty Co.*, 245 So.2d 465 (La.App. 2 Cir.), *writs refused*, 247 So.2d 396 (La.1971). But even in the dictionary LPSB can find no support for its position because the definition of a "public board" is prominently absent.

2

penalties and attorney fees for failure to pay on time. LPSB argues that La.R.S. 23:1312 does not require payment within a specific period and, in any event, does not provide for penalties or attorney fees, making Broussard's claims meritless.

On the other hand, Broussard argues that La.R.S. 23:1312 applies to a *state* public board, commission, or agency. Broussard claims that a parish school board is not a state board, but a parish board and a political subdivision, to which La.R.S. 23:1201(G) applies.

In statutory interpretation, there is a well-settled presumption that "every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used." *ABL Mgmt., Inc. v. Bd. of Supervisors of Southern Univ.*, 00-0798, p. 6 (La. 11/28/00), 773 So.2d 131, 135. Thus, our courts must "give effect to all parts of a statute and to construe no sentence, clause or word as meaningless." *Moss v. State*, 05-1963, p. 15 (La. 4/4/06), 925 So.2d 1185, 1196. It is further presumed that the legislature did not insert "idle, meaningless or superfluous language in the statute or that it intended for any part or provision of the statute to be meaningless, redundant or useless." *ABL Mgmt., Inc.*, 773 So.2d at 135. Moreover, while a statute's heading is not the law, it provides some guidance as to what the legislature intended the statute to cover. *Montelepre v. Edwards*, 359 So.2d 1311 (La.App. 4 Cir. 1978). Finally, "legislative language will be interpreted on the assumption that the Legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes." *Fontenot v. Reddell Vidrine Water Dist.*, 02-0439, pp. 13-14 (La. 1/14/03), 836 So.2d 14, 24.

Pursuant to La.R.S. 23:1201, our courts have imposed penalties and attorney fees on parish school boards for at least thirty years. *E.g.*, *Ranson v. Orleans*

3

*Parish Sch. Bd.*, 365 So.2d 937 (La.App. 4 Cir. 1978), *writ denied*, 367 So.2d 393 (La.1979). Given that the legislature is presumed to know these decisions, it is difficult for us to imagine that the legislature was not cognizant of this interpretation of the statute to persist in our jurisprudence, had it really meant the penalties provisions of La.R.S. 23:1201 not to apply to school boards.

Moreover, the legislature is certainly capable of including "school board" along with "public board" in a statute. For example, in La.R.S. 13:5102, located in Part XV and, incidentally, titled "Suits Against State, State Agencies, or Political Subdivisions," the legislature did not hesitate to include both, "school board" and "public board" when it defined "political subdivision" for the purposes of Part XV[3]. Thus, if the legislature really intended La.R.S. 23:1213 to cover school boards, it would and could have done so explicitly.

Furthermore, the heart of LPSB's argument is that whatever "public board" means, its meaning necessarily includes "school board." Yet, LPSB points to no provision in the workers' compensation regime that would support this position. Indeed, LPSB supports this assertion by merely pointing out that school board members are elected and paid out of public purse. Thus, LPSB relies on something outside of the workers' compensation regime to bring meaning to the words used in the workers' compensation statute.

Yet, neither workers' compensation statute nor other statutes that deal with suits against the state, use "school board" and "public board" interchangeably or in a way that would indicate that "public board" necessarily includes "school board." Again, for illustration purposes, if we look closely at La.R.S. 13:5102, it

---

[3]Although this statute is outside the workers' compensation regime, it provides a helpful illustration of legislative ability to use both terms at the same time when it intended to include both types of entities in the statute.

4

indicates that "school board" has an entirely different meaning from "public board." If, in general, "public board" necessarily includes "school board," as LPSB asserts, the inclusion of "school board" in the same sentence with "public board" would be superfluous, idle, and meaningless. It is particularly true where, like in La.R.S. 13:5102, "public board" is not used as a "catch-all" phrase and where "school board" is not an example of "public board," but where both terms are just two entries on the list of entities that are "political subdivisions" for the purposes of that statute. Therefore, based on the presumption against the legislature's use of superfluous, idle, and meaningless language in a statute, this court concludes that our legislature can and does use "public board" as though it has a meaning separate and distinct from "school board." Consequently, LPSB's unsubstantiated position that the meanings of the two terms converge in the workers' compensation regime has no merit.

Additionally, the heading of La.R.S. 23:1312 provides some guidance as to what the legislature intended the statute to cover. Louisiana Revised Statutes 23:1312 is titled "Suits against the state; filing; procedure." Because of this court's obligation to give effect to all parts of the statute, as well as the reasons stated above, we conclude that when La.R.S. 23:1312 lists "public board, commission, or agency," it refers to a *state* "public board, commission, or agency." A *parish* school board is neither a *state* public board, nor is it a state *public* board within the meaning of La.R.S. 23:1312.[4]

A parish school board is a political subdivision. La.Const. art. 6, § 44. Our legislature was very explicit as to the breadth of the workers' compensation regime:

_____

[4]This opinion should not be construed to mean that an entity that is truly a state public board, commission, or agency, within the meaning of La.R.S. 23:1312, will not be subject to the provisions of La.R.S. 23:1201.

Public employees; exclusiveness of remedy

A. The provisions of this Chapter shall apply to every person in the service of the state or a political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or a political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory.

La.R.S. 23:1034. This statute clearly makes La.R.S. 23:1201(G) compulsory and obligatory upon a parish school board.

Finally, our jurisprudence leaves no doubt that La.R.S. 23:1201 applies to a parish school board. *E.g., Rodrigue v. Lafourche Parish Sch. Bd.*, 04-1136 (La.App. 1 Cir. 5/6/05), 909 So.2d 627, *writ denied*, 05-2366 (La. 3/17/06), 925 So.2d 546, *Ranson,* 365 So.2d 937. In fact, this court has already imposed penalties and attorney fees against LPSB pursuant to La.R.S. 23:1201, when LPSB arbitrarily, capriciously, and unilaterally terminated Broussard's benefits. *Broussard,* 939 So2d 662.

Based on the considerations above, LPSB is not a state public board within the meaning of La.R.S. 23:1312, but a political subdivision as defined by La.Const. art. 6, § 44. As such, and by the operation of La.R.S. 23:1034, LPSB is subject to the compulsory and obligatory penalties and attorney fees provisions of La.R.S. 23:1201.

V.

## <u>CONCLUSION</u>

The partial final judgment in favor of LPSB is reversed.  We order LPSB to pay $3,000.00 in penalties, $7,500.00 in attorney fees for work performed at the trial and appellate levels, all court costs, and legal interest on all amounts.

**REVERSED AND RENDERED.**