STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-430

CATHERINE COBB

VERSUS

LAFAYETTE PARISH SCHOOL BOARD

**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4,
PARISH OF LAFAYETTE, NO. 01-03123
HONORABLE SHARON MARROW,
WORKERS' COMPENSATION JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Oswald A. Decuir, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Michael Miller, Attorney at Law**
**P.O. Drawer 1630**
**Crowley, LA 70527**
**Counsel for Plaintiff-Appellant:**
    **Catherine Cobb**

**Jeffery Riggs, Attorney at Law**
**P.O. Drawer 94-C**
**Lafayette, LA 70509**
**Counsel for Defendant-Appellee:**
    **Lafayette Parish School Board**

**PAINTER, Judge.**

Plaintiff, Catherine Cobb, appeals the judgment of the workers' compensation judge finding that the Lafayette Parish School Board was entitled to a modification of a stipulated judgment and that she was not entitled to any further benefits. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed by the Lafayette Parish School Board as a clerical worker at Northside High School. On September 12, 2000, she was attempting to locate a lost item of student clothing. The lost and found area was situated underneath a staircase. Plaintiff attempted to straighten up from a squatting position and bumped her head on the stairwell. She testified that she "saw stars." She went to the walk-in clinic at the school and was given an ice pack and some Tylenol. On the same day she saw Dr. Chris Hayes, her treating physician, for a previously scheduled appointment and complained of hitting her head. Dr. Hayes' records indicate a posterior tender spot. She continued to complain of pain and was seen several times at the Stafford Clinic before being referred to a neurologist, Dr. Leo deAlvare. She underwent continuous treatment and, except for three days in August of 2006, never returned to work.

On July 20, 2005, the parties stipulated that Plaintiff was injured on September 12, 2000, in the course and scope of her employment and that she was then entitled to temporary total disability benefits. In accordance with the stipulation, Defendant paid penalties and attorney's fees. On or about August 30, 2006, Defendant terminated Plaintiff's benefits. On or about May 30, 2008, Defendant filed a motion to modify judgment. Following trial, the workers' compensation judge found that a modification of the judgment was warranted but that said modification could only relate back to May 30, 2008. Accordingly, the workers' compensation judge found that failure to pay continued benefits under the stipulation violated La.R.S. 23:1201(G) and that Defendant was liable for a penalty of $3,000.00, or twenty-four percent (24%) of the unpaid benefits from the time of termination to May 30, and

attorney's fees of $10,000.00. The workers' compensation judge further found that Plaintiff was not entitled to any further benefits. Plaintiff appeals this finding. Defendant has answered the appeal, alleging that the award of penalties and attorney's fees to Plaintiff was in error. For the following reasons, we affirm.

## DISCUSSION

In *Hardee v. City of Jennings*, 07-242, pp. 2-3 (La.App. 3 Cir. 5/30/07), 961 So.2d 531, 533, *writ denied*, 07-1779, 07-1799 (La. 11/9/07), 967 So.2d 505, 509, this court recognized:

> Pursuant to La.R.S. 23:1310.8(B), a party may re-open a workers' compensation case [,] and the workers' compensation judge may modify an award on the grounds of a change in condition. "A party who seeks a modification of a worker's compensation judgment must prove by a preponderance of the evidence that the worker's disability has increased or diminished." *Lormand v. Rossclaire Constr.*, 01-515, p. 2 (La.App. 3 Cir. 12/12/01), 801 So.2d 675, 676. A claimant seeking total disability benefits must prove by clear and convincing objective medical evidence that she is physically unable to engage in any employment. La.R.S. 23:1221.

> Furthermore:

> In workers' compensation cases, the factual findings of the workers' compensation judge are subject to the manifest error or clearly wrong standard of appellate review. *Seal v. Gaylord Container Corp.*, 97-0688 (La.12/02/97), 704 So.2d 1161. When applying this standard, we are not to determine whether the factfinder was right or wrong, but rather, whether the factfinder's conclusion was a reasonable one. *Id*. Thus, if the judge's findings are reasonable in light of the record reviewed in its entirety, we may not reverse even if we would have weighed the evidence differently. *Romero v. Northrop-Grumman*, 01-0024 (La.App. 3 Cir. 5/30/01), 787 So.2d 1149.

*Jackson v. Iberia Parish Gov.*, 01-925, p. 2 (La.App. 3 Cir. 3/20/02), 813 So.2d 589, 591, *writ denied*, 02-1075 (La. 6/14/02), 817 So.2d 1159.

The workers' compensation judge found that the stipulation entered into by the parties on July 20, 2005, was a binding, non-appealable judgment. Defendant asserts that this is incorrect but cites no legal authority in support thereof. Our law is clear that stipulations have the effect of judicial admissions or confessions and bind all parties and the court. *Becht v. Morgan Bldg. & Spas, Inc.*, 02-2047 (La.4/23/03) 843 So.2d 1109; see *Stelly v. Guy Scroggins, Inc.*, 682 So.2d 782 (La.App. 3 Cir.1996), *writ denied*, 688 So.2d 503 (La.1997).

Furthermore, the transcript of the proceeding in which the stipulation entered of record reveals the following:

> Mr. Miller: We can stipulate that Catherine Cobb was injured in the course and scope of her employment on September 12, 2000, while employed by the Lafayette Parish School Board; and that as a result of that injury, she is presently entitled to Temporary Total Disability benefits, the amount to be determined once we determine her average weekly wage, Judge.
>
> The defendants have agreed to pay penalties of Eight Thousand Dollars and attorney's fees of Eight Thousand Dollars.

Thus, we agree with the workers' compensation judge that it was incumbent upon Defendant to obtain a modification of this stipulation prior to terminating benefits. We find no error in the workers' compensation judge's determination that benefits could only be terminated from the time of the filing of the motion to modify.

When treatment of Plaintiff's complaints of headaches was unsuccessful, Dr. deAlvare referred Plaintiff to Dr. Deborah Elliott, also a neurologist, at the headache clinic at Tulane. Dr. Elliott treated Plaintiff from October 2003 to November 2005. Treatment again was unsuccessful, and Dr. Elliott found that Plaintiff was completely disabled from any type of work. Defendant then had Plaintiff examined by its choice of neurologist, Dr. Steven Zuckerman.[1] Dr. Zuckerman reached the conclusion that there was no physical basis for Plaintiff's continued complaints but could not determine whether she had a conversion disorder or was malingering. The workers' compensation judge then ordered an independent medical examination by Dr. Neil Smith, III, also a neurologist. Dr. Smith found no medical basis for Plaintiff's complaints and opined that the injury was trivial and that Plaintiff was able to work. Based on this opinion, Plaintiff attempted to return to work. She worked at Broussard Middle School from August 16 through August 18, 2006, when she requested that an ambulance be called due to her complaints of severe pain. The workers'

---

[1]Defendant's original choice of neurologist was Dr. James Domingue; however, Dr. Domingue refused to see Plaintiff, and the court allowed Defendant to change its choice of neurologist.

compensation judge noted that it was troubling that Plaintiff arrived to work on this date with all of her medical records.

The workers' compensation judge doubted Plaintiff's veracity based on several factors, most notable was her finding that Plaintiff's assertion that prior to the accident, she had headaches only related to her menstrual cycle was contradicted by her medical records, which contained notations of daily headaches dating back to at least 1990. The workers' compensation judge ultimately found that further treatment for Plaintiff's headaches was not medically necessary. The IME performed by Dr. Smith supports the finding of a change in condition such that Defendant was entitled to a modification of the stipulation.

It is clear that the burden is on Defendant to show, by a preponderance of the evidence, that it was entitled to a modification of the stipulation. However, we find the workers' compensation judge's discussion of Plaintiff's burden of proof from the inception of the claim was of no moment because there is ample evidence in the record to support her finding that there was a change in Plaintiff's condition entitling Defendant to a modification of the stipulation. Thus, we find no manifest error in workers' compensation judge's finding.

The workers' compensation judge awarded a penalty of $3,000.00, or twenty-four percent (24%) of the unpaid benefits from the time of termination to May 30, and attorney's fees of $10,000.00. The decision to impose penalties and attorney's fees is essentially a factual issue subject to the manifest error or clearly wrong standard of review. *Authement v. Shappert Eng'g*, 02-1631 (La. 2/25/03), 840 So.2d 1181. We find no manifest error in the workers' compensation judge's ruling in this regard.

Finally, we address Defendant's argument that the trial court erred in awarding penalties and attorney's fees because La.R.S. 23:1201(G) does not apply to public boards. This court has previously addressed this argument in *Broussard v. Lafayette Parish Sch. Bd.*, 08-666, pp. 3-5 (La.App. 3 Cir. 12/10/08), 998 So.2d 1253, 1257, *writ denied*, 09-471 (La. 4/17/09), 6 So.3d 794 (footnote omitted):

4

Pursuant to La.R.S. 23:1201, our courts have imposed penalties and attorney fees on parish school boards for at least thirty years. *E.g., Ranson v. Orleans Parish Sch. Bd.*, 365 So.2d 937 (La.App. 4 Cir.1978), *writ denied*, 367 So.2d 393 (La.1979). Given that the legislature is presumed to know these decisions, it is difficult for us to imagine that the legislature was not cognizant of this interpretation of the statute to persist in our jurisprudence, had it really meant the penalties provisions of La.R.S. 23:1201 not to apply to school boards.

Moreover, the legislature is certainly capable of including "school board" along with "public board" in a statute. For example, in La.R.S. 13:5102, located in Part XV and, incidentally, titled "Suits Against State, State Agencies, or Political Subdivisions," the legislature did not hesitate to include both, "school board" and "public board" when it defined "political subdivision" for the purposes of Part XV. Thus, if the legislature really intended La.R.S. 23:1213 to cover school boards, it would and could have done so explicitly.

This argument lacks merit.

Thus, we conclude that a reasonable basis exists for the workers' compensation judge's findings and that those findings are not manifestly erroneous.

**DECREE**

For all of the foregoing reasons, the ruling the workers' compensation judge is affirmed. All costs of this appeal are assessed to Plaintiff, Catherine Cobb.

**AFFIRMED.**