STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-287

KENNETH D. LOPEZ

VERSUS

TOWN OF ZWOLLE

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 09-02719
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.

Amy, J., concurs in the result.

AMENDED AND AFFIRMED.

George Arthur Flournoy
Flournoy & Doggett
P. O. Box 1270
Alexandria, LA 71309-1270
Telephone: (318) 487-9858
COUNSEL FOR:
    Plaintiff/Appellee - Kenneth D. Lopez

Joseph B. Stamey
Stamey & Miller, LLC
P. O. Box 1288
Natchitoches, LA 71458-1288
Telephone: (318) 352-4559
COUNSEL FOR:
    Defendant/Appellant - Town of Zwolle

**THIBODEAUX, Chief Judge.**

The Town of Zwolle ("Town") appeals a judgment of an Office of Workers' Compensation Judge ("WCJ") awarding Mr. Lopez penalties and attorney fees in relation to Mr. Lopez's disputed claim for compensation. Mr. Lopez answered, seeking an increase in attorney fees for the work necessitated by this appeal, an award of sanctions in accordance with La.R.S. 23:1201(I), and an increase in penalties in accordance with La.R.S. 23:1201(F).[1] We amend and affirm the judgment of the WCJ by increasing the penalties assessed against the Town, and awarding Mr. Lopez an additional $4,000.00 in attorney fees for work done on appeal.

## I.

### ISSUES

We must decide whether:

(1)     the WCJ erred in failing to determine that Mr. Lopez's claims were outside the scope of his Form 1008 filing;

(2)     the WCJ erred in determining that the Town issued late payments of indemnity benefits and in awarding penalties and attorney fees to Mr. Lopez for the Town's late payments;

(3)     the WCJ erred in determining that the Town acted arbitrarily and capriciously when it terminated Mr. Lopez's temporary disability benefits;

(4)     the WCJ erred in determining that the Town acted arbitrarily and capriciously when it failed to pay an outstanding pharmacy bill; and,

(5)     the WCJ erred in assessing the Town attorney fees in the amount of $7,500.00.

---

[1]We note that the issue regarding an increase in penalties under La.R.S. 23:1201(F) was not briefed. Thus the claimant has apparently abandoned any claim that he is due an increase in penalties under Paragraph (F).

## II.

## FACTS AND PROCEDURAL HISTORY

While employed by the Town in October 2002, Mr. Lopez injured his back by lifting an old freezer into a dump truck. The Town disputed Mr. Lopez's claim and refused to pay any workers' compensation benefits. Following a trial, the WCJ found that Mr. Lopez carried his burden of proving a work-related accident, his subsequent disability, and that the Town's denial of the claim without adequate investigation was arbitrary and capricious. The WCJ awarded Mr. Lopez all back due weekly benefits, all medical expenses incurred in connection with the claimant's injuries, and ordered the Town to pay for additional medical testing recommended by Mr. Lopez's physicians. Moreover, the WCJ awarded Mr. Lopez penalties and attorney fees based on the Town's actions in the matter. This court affirmed that judgment on appeal. *See Lopez v. Town of Zwolle*, 07-76 (La.App. 3 Cir. 7/5/07), 963 So.2d 1041.

Mr. Lopez subsequently filed the present claim alleging failure to furnish and/or provide authorization for proper medical treatment, non-payment and/or untimely payment of medical and travel related expenses, penalties and attorney fees, and legal interest on all awards from appropriate dates.

Following a trial, the WCJ rendered judgment against the Town and ordered that the Town pay the following: (1) penalties in the amount of $3,000.00 in accordance with La.R.S. 23:1201(G); (2) penalties in the amount of $4,000.00 in accordance with La.R.S. 23:1201(F); (3) attorney fees in the amount of $7,500.00 in accordance with La.R.S. 23:1201(J); (4) the outstanding balance to Medical Center Pharmacy in the amount of $302.97; and, (5) all costs of court.

The Town appeals the WCJ's judgment, and Mr. Lopez answered the appeal.

## LAW AND DISCUSSION

### Standard of Review

The WCJ's findings of fact are reviewed under the "manifest error" or "clearly wrong standard." *Dean v. Southmark Constr.*, 03-1051 (La. 7/6/04), 879 So.2d 112. We cannot disturb the WCJ's findings of fact as long as they are reasonable and supported by the record. *Id.* The WCJ's findings as to whether the claimant has met his burden of proof are factual and cannot be disturbed on review unless clearly wrong or manifestly erroneous. *Stutes v. Koch Servs., Inc.*, 94-782 (La.App. 3 Cir. 12/7/94), 649 So.2d 987, *writ denied*, 95-846 (La. 5/5/95), 654 So.2d 335.

### Scope of the Pleadings

The Town asserts that the WCJ erred allowing Mr. Lopez, over the Town's objections, to present evidence on the issue of late indemnity payments because that specific issue was not alleged in Mr. Lopez's Form 1008 filing. We disagree. "The function of fact pleading is to advise the opposing litigant of the material facts which constitute the cause of action so that he may not be surprised or unprepared for trial." *Charlida, Inc. v. Superior Oil Co.*, 469 So.2d 448, 450 (La.App. 3 Cir. 1985).

Though Mr. Lopez did not specifically amend his pleadings before trial, the record is clear that the Town had notice of the late payment issue prior to trial, thus avoiding any prejudice or surprise. Indeed, the notice requirement was satisfied in two ways. First, the Town was placed on notice about the issue by Mr. Lopez's pre-trial statement. His pre-trial statement specifically states as an issue: "Penalties and attorney fees due to untimely payments of indemnity benefits and non-payment of medical expenses." Second, on the day of trial, both the WCJ and

counsel for the Town acknowledged their awareness that late payment of indemnity benefits was an issue that needed to be addressed. Specifically, the WCJ stated, "the matters pending before the court this morning are . . . issues involving late or non-payment of indemnity benefits." Counsel for the Town responded, "Yes, sir." The Town's acquiescence to the WCJ's statement of the issues of the case, including the issue of late payment of indemnity benefits, served as a waiver of any objection the Town had to consideration of that issue by the WCJ. Thus, we find no evidence that the Town was prejudiced either by Mr. Lopez's failure, in his original pleadings, to specifically raise the issue of late payment of indemnity benefits or his failure to amend his pleadings. It appears that the Town's objections are merely an eleventh-hour effort to escape liability on an issue of which the Town was aware. We conclude that the WCJ did not err in allowing testimony on that issue.

**Timeliness of Indemnity Benefit Payments**

The Town contends that even if the WCJ properly considered the issue of late indemnity payments, the payments themselves were not "late" under the applicable law, and the WCJ erred in assessing penalties and fees for late payments. We find no merit in the Town's contention. Louisiana Revised Statutes 23:1201 governs the time and place of payment of indemnity benefits:

> Payments of compensation under this Chapter shall be paid as near as may be possible, at the same time and place as wages were payable to the employee before the accident; however, when the employee is not living at the place where the wages were paid, or is absent therefrom, such payments shall be made by mail, upon the employee giving to the employer a sufficient mailing address.

La.R.S. 23:1201(A)(1).

Here, the testimony and exhibits offered at trial establishes that the Town mailed Mr. Lopez's indemnity payments on the same day other employees

4

routinely received payment in the office. Accordingly, Mr. Lopez routinely received his payment after his co-workers. We conclude the Town's method of payment to Mr. Lopez violated the statute's prohibition against "late" payments. Moreover, nothing in the record suggests that any administrative impediments existed that prohibited the Town from mailing the checks earlier, thus increasing the likelihood that Mr. Lopez would have received his payment nearer to the time he would have received the payment had he not been injured. Thus, we find no merit in this assignment of error asserted by the Town.

**Termination of Benefits**

The Town also seeks reversal of the WCJ's finding that the Town improperly terminated Mr. Lopez's benefits. We find no merit in the Town's assertion. We disagree, however, with the WCJ's reasoning and, thus, increase the penalties assessed against the Town to $8,000.00 for the improper termination of Mr. Lopez's benefits.

The record indicates that following a conversation with Mr. Lopez, an adjuster with Risk Management, Inc. ("RMI"), the Town's insurer, terminated Mr. Lopez's temporary disability benefits. Mr. Lopez argued that the termination of his benefits was arbitrary and capricious. The WCJ agreed and awarded Mr. Lopez a penalty of $3,000.00. In reaching this decision, the WCJ applied La.R.S. 23:1201(G), relying on this court's opinion in *Cobb v. Lafayette Parish Sch. Bd.*, 10-430 (La.App. 3 Cir. 11/3/10), 49 So.3d 597, *writ denied*, 10-2692 (La. 1/28/11), 56 So.3d 958. Though we agree with the WCJ's ultimate conclusion that the Town erroneously terminated Mr. Lopez's benefits, we find *Cobb* distinguishable.

Specifically, *Cobb* did not involve a dispute as to whether La.R.S. 23:1201(G) or La.R.S. 23:1201(I) applied. No analysis of that issue occurred. Instead, the specific issue considered in *Cobb* concerned the modification of a

5

stipulated judgment. Here, neither party makes the assertion that the lump sum amounts owed to Mr. Lopez as a result of our final judgment were never honored or paid. Section (G) of the statute refers to the timely payment of lump sum benefits, not to the continued payment of presently owed benefits. Because neither party is arguing over the accrued lump sum benefits, section (G) of the statute does not apply. Instead, we find that section (I) of the statute, which concerns the discontinuance of payment of claims due, applies. Section (I) provides for penalties not to exceed $8,000.00 for multiple violations. Thus, we increase the Town's penalties to $8,000.00, for the arbitrary and capricious termination of Mr. Lopez's benefits.

Moreover, we note that the WCJ's underlying finding that the Town improperly terminated Mr. Lopez's benefits was not manifestly erroneous. The WCJ made a credibility determination in considering the testimony of the RMI adjuster and the testimony of Mr. Lopez. The adjuster testified that Mr. Lopez told her he was returning to work. Mr. Lopez testified, however, that he never told the adjuster, "I'm working." Instead, he testified that he only communicated the *possibility* of a job. The WCJ believed Mr. Lopez's testimony, and we find nothing erroneous about that decision.[2]

**Unpaid Medical Expenses**

The Town also challenges the WCJ's finding that it owes a balance of $302.97 to Medical Center's Pharmacy and the WCJ's assessment of a $2,000.00 penalty for the unpaid pharmacy expense. The payment history confirms the unpaid pharmacy bill. Though witnesses for the Town testified that the balance was timely paid to the pharmacy, nothing in the record indicates that the Town

---

[2]Even if Mr. Lopez had stated "I'm now working" to the adjuster, the Town would have still been required to seek modification of the existing judgment before terminating Mr. Lopez's benefits. *See Broussard v. Lafayette Parish Sch. Bd.*, 06-268 (La.App. 3 Cir. 9/27/06), 939 So.2d 662, *writ denied*, 06-2591 (La. 1/12/07), 948 So.2d 152.

contacted the pharmacy to dispute the bill. We conclude that the WCJ was not manifestly erroneous in finding that the Town never paid the balance to the pharmacy and in assessing a $2,000.00 penalty to the Town for that non-payment.

**Attorney Fees**

Finally, the Town asserts that the trial court erred in awarding attorney fees in this matter, or that, if attorney fees are awarded at all, the award should not exceed $2,500.00. In contrast, Mr. Lopez contends that the WCJ erred in awarding only $7,500.00 in attorney fees and requests that we assess additional attorney fees for services rendered at the trial level and in association with this appeal. In consideration of this issue, we reviewed the record and Rule 1.5 of the Rules of Professional Conduct.

According to *Naquin v. Uniroyal, Inc.*, 405 So.2d 525 (La.1981), factors used in determining attorney fees in workers' compensation cases are (i) the degree of skill and ability exercised, (ii) the amount of the claim, and (iii) the amount of time devoted to the case. Considering the efforts of Mr. Lopez's attorney, we find no error in the WCJ's $7,500.00 award for attorney fees. It is clear from the record that Mr. Lopez's attorney spent a considerable amount of time pursuing his client's case and vigorously enforcing Mr. Lopez's rights at the trial level. Moreover, counsel for Mr. Lopez's efforts on appeal resulted in the imposition of additional penalties against the Town. Finally, we recognize that the workers' compensation act is social legislation. To effectuate the purposes behind the workers' compensation framework and to encourage attorneys to represent plaintiffs in workers' compensation cases, attorney fees should be liberally granted.

In *Jones v. Universal Fabricators*, 99-1370, pp. 10-11 (La.App. 3 Cir. 2/9/00), 758 So.2d 856, 862-63, *writ denied*, 00-742 (La. 5/12/00), 762 So.2d 13, this court noted:

> We emphasize that adequate [attorney] fees in workers' compensation cases is the basis for an injured employee obtaining effective counsel. La.R.S. 23:1221, which authorizes [attorney] fees, encourages the retention of effective counsel by an employee who is injured, unemployed and unable to pay for capable representation.

> It is evident that an employee in workers' compensation cases by definition is placed in a disadvantageous position. The employee is injured, unemployed and often totally lacking in financial resources. In contrast, the employer has the financial means to obtain attorneys to prepare and argue its case. The primary purpose of workers' compensation is to protect injured employees from impoverishment. If an employee is arbitrarily deprived of benefits, the attorney who litigates on his behalf and is successful at showing arbitrary and capricious conduct on the part of the employer, has aided not only his client but also the administration of the workers' compensation system. This work is very important as it helps discourage others who might seek to further their own economic fortune at the expense of persons injured in their employ. Considering these goals of workers' compensation, we find that an increase in [attorney] fees is warranted.

For the efforts by Mr. Lopez's attorney, we affirm the WCJ's award of $7,500.00 and award an additional $4,000.00 in attorney fees for his work on this appeal.

## IV.

## CONCLUSION

For the reasons articulated above, we amend and affirm the judgment of the WCJ. We increase the amount of penalties assessed against the Town for the improper termination of Mr. Lopez's benefits to $8,000.00, and we award an

additional $4,000.00 in attorney fees for Mr. Lopez's counsel's work on appeal.

Costs of this appeal are assessed against Defendant Town of Zwolle.

**AMENDED AND AFFIRMED.**