## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 12-148


**JERRY WILLIAMSON**

**VERSUS**

**LIBERTY MUTUAL INSURANCE CO., ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 2
PARISH OF RAPIDES, NO. 11-00921
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED AS AMENDED.**


**Roy Seale Halcomb, Jr.**
**Broussard, Halcomb & Vizzier**
**P. O. Box 1311**
**Alexandria, LA 71309**
**(318) 487-4589**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Jerry Williamson**

**Mark Alan Watson**
**Stafford, Stewart, & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
 **Liberty Mutual Insurance Co.**
 **Dresser, Inc. d/b/a Dresser Valve Division**

**EZELL, Judge.**

This workers' compensation case presents issues surrounding an award of penalties regarding payments pursuant to a settlement agreement. In addition to the employer and its insurer, the claimant also raises errors on appeal concerning the judgment.

### FACTS

The parties entered into a joint stipulation of facts in the trial court which demonstrates the following. On September 27, 2001, Jerry Williamson had an accident at work during the course and scope of his employment as a valve tester with Dresser, Inc., d/b/a Dresser Valve Division. Liberty Mutual Insurance Company had in effect a policy of workers' compensation insurance that provided full coverage for all benefits claimed by Mr. Williamson. A judgment was rendered on August 5, 2008, in which Mr. Williamson was found to be permanently and totally disabled and entitled to payment of benefits under the Workers' Compensation Act.

On May 26, 2010, Mr. Williamson entered into a settlement agreement with Dresser and Liberty Mutual. The settlement was approved by the Office of Workers' Compensation on August 20, 2010. The settlement required Defendants to pay all indemnity benefits and medical expenses, including medically-related travel expenses, through the date that the settlement was approved.

For unknown reasons, computer entries were made resulting in the termination of indemnity benefits effective July 27, 2010, three weeks and three days before the settlement was approved. As a result, Mr. Williamson was owed back-due indemnity benefits of $1,364.57. These benefits were paid by check dated August 25, 2011.

Mr. Williamson also incurred travel expenses totaling $481.73 for July and August 2010 prior to approval of the settlement. These expenses were also not paid until August 25, 2011. The settlement also required the Defendants to pay "seed

money" in the amount of $8,960.00 plus $48,974.00 to purchase an annuity to produce annual payments of $4,106.51 for life to be placed in a Medicare Set Aside Account (MSA) administered by Mr. Williamson. Mr. Williamson received the $8,960.00 by check dated August 10, 2010. The $48,974.00 to fund the annuitized portion of the MSA was not paid until September 28, 2010.

The Defendants were also required to make a cash payment in the amount of $110,000.00, representing future indemnity benefits. Of this amount, $101,040.00 was paid by check dated August 9, 2010, and $8,960.00 was paid by check dated September 27, 2010.

Several letters were written by Mr. Williamson's attorney requesting payment of the benefits owed under the settlement agreement. Mr. Williamson then filed a claim for penalty damages. Mr. Williamson requested (1) $8,000.00 pursuant to La.R.S. 23:1201(I) for Defendants' premature termination of his indemnity benefits; (2) $3,000.00 pursuant to La.R.S. 23:1201(G) for Defendants' refusal to timely pay the travel expenses owed under the judgment; and (3) $13,904.16 as provided by La.R.S. 23:1201(G) for Defendants' refusal to pay the $48,974.00 to purchase an annuity and Defendants' refusal to timely pay the balance of the cash payment for future indemnity benefits.

The case was tried on September 15, 2011. On October 26, 2011, the workers' compensation judge (WCJ) issued oral reasons for judgment. The WCJ found that there was no valid excuse offered by the Defendants for failure to pay the benefits due under the settlement agreement. Penalties in the following amounts were awarded: (1) $3,000.00 for Defendants' refusal to timely pay the weekly indemnity benefits owed under the settlement agreement; (2) $3,000.00 for Defendants' refusal to timely pay the travel expenses owed under the settlement agreement; and (3) $13,904.16 for Defendants' refusal to timely pay the amount needed to purchase the annuity for

funding the MSA (24% x $48,974.00) and Defendants' refusal to timely pay the balance of the cash payment for future indemnity (24% x $8,960.00). Judgment was signed on November 2, 2011.

The Defendants appealed the judgment arguing that the WCJ erred in finding that they had not timely funded the MSA portion of a full and final settlement and in awarding a 24% penalty. Mr. Williamson answered the appeal arguing that Defendants terminated his payment of indemnity benefits as opposed to simply timely paying him benefits which entitles him to a penalty in the amount of $8,000.00 instead of the $3,000.00 awarded. He also requests attorney fees for additional work performed on the appeal.

## PENALTIES FOR FAILURE TO TIMELY FUND ANNUITY PURCHASE

Defendants claim that the WCJ erred in assessing penalties and attorney fees regarding the purchase of the MSA annuity. Defendants argue that the settlement agreement did not provide a specific date upon which they were required to purchase the annuity. Defendants point out that the settlement agreement provided that the first payment to be generated by the annuity was not due until one year after the date of settlement. They argue that if the annuity was purchased at such a time so as to reasonably allow the obligation owed to the claimant to be timely satisfied, then no payment due Mr. Williamson was untimely made.

Awards of penalties and attorney fees in workers' compensation cases are essentially penal in nature and are imposed to deter indifference and undesirable conduct by employers and their insurers toward injured workers. *Williams v. Rush Masonry, Inc.*, 98-2271 (La. 6/29/99), 737 So.2d 41. While the benefits conferred by the Workers' Compensation Act are to be liberally construed, penal statutes are to be strictly construed. *Id*.

The pertinent language of the settlement agreement is found in paragraph (4)(B) of the petition to compromise the workers' compensation claim, which states:

FIFTY-THREE THOUSAND, ONE HUNDRED AND ONE DOLLARS AND NO/100 ($53,101.00), which represents initial "seed" money in the amount of EIGHT THOUSAND, NINE HUNDRED AND SIXTY DOLLARS AND 00/100 ($8,960.00) for a MSA to be administered by the employee plus the cost to purchase an annuity to produce annual payments of FOUR THOUSAND, ONE HUNDRED AND SIX DOLLARS AND 51/100 ($4,106.51), for life only, to be deposited in the MSA account administered by the employee;

Louisiana Revised Statutes 23:1201(G) provides for penalties and attorney fees as follows:

If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

A workers' compensation settlement agreement is a final and non-appealable judgment such that the employer's failure to pay the judgment amount within thirty days following approval and entry into judgment warrants the imposition of penalties and attorney fees pursuant to La.R.S. 23:1201(G). *Sedgwick Claims Mgmt. Serv. Inc. v. Cormier*, 02-216 (La.App. 3 Cir. 3/26/03), 841 So.2d 1032, *writ denied*, 03-1185 (La. 6/20/03), 847 So.2d 1234.

In *McFarlane v. Schneider National Bulk Carriers, Inc.*, 07-1386 (La.App. 4 Cir. 4/30/08), 984 So.2d 185, the fourth circuit held that La.R.S. 23:1201(G) applied to a settlement which required the employer to provide for funding of a previously established MSA account. The appellate court held that the MSA account should

4

have been funded within thirty days of approval of the settlement and penalties were appropriate for that portion of the MSA account that was not funded within thirty days.

The first circuit was faced with a similar question in *Harrelson v. Arcadia*, 10-1647 (La.App. 1 Cir. 6/10/11), 68 So.3d 663, *writ denied*, 11-1531 (La. 10/7/11), 71 So.3d 316. However, in *Harrelson*, the first circuit found that the settlement agreement required that Centers for Medicare & Medicaid Services (CMS) approve the amount of funding prior to payment. The first circuit held that the right to enforce the conditional obligation to fund the MSA account contained in the settlement agreement did not arise until the fulfillment of the suspensive condition when CMS approved the MSA funding. The first circuit held that penalties for nonpayment within thirty days were not owed because nonpayment was the result of conditions over which the employer had no control citing La.R.S. 23:1201(G).

In the present case, there was no requirement to obtain CMS's approval of the settlement agreement. Quite the opposite, Paragraph (4)(B) states that the "[e]mployee understands that the receipt of this workers' compensation settlement without CMS pre-approval may result in a loss of Medicare benefits for the work-related injury."

Citing La.Civ.Code art. 1767, the Defendants argue that the present settlement agreement was subject to a suspensive condition; the purchase of the annuity contract. We do not find that this settlement agreement was subject to a suspensive condition as argued by the Defendants. The agreement to purchase an annuity contract was the agreement itself and not a suspensive condition to the agreement.

We agree with the WCJ that the $48,974.00 to purchase the annuity was not paid within thirty days after the settlement was approved as required by La.R.S. 23:1201(G). Therefore, the WCJ was correct in awarding penalty damages on this amount.

## PENALTY ON INDEMNITY PAYMENTS

Mr. Williamson answered the appeal claiming the WCJ correctly held that he was entitled to recover penalty damages because of Defendants' premature termination of his indemnity benefits. However, he claims the WCJ erred in the amount of penalty damages he awarded for Defendants' failure to pay indemnity benefits as outlined in the settlement agreement. Mr. Williamson claims that the amount of benefits owed should have been based on a termination of benefits governed by La.R.S. 23:1201(I), as opposed to a failure to pay governed by La.R.S. 23:1201(G). Mr. Williamson argues that he is entitled to an $8,000.00 penalty and not the $3,000.00 penalty that the WCJ awarded.

Under La.R.S. 23:1201(I) an employer can be penalized up to $8,000.00 if it arbitrarily and capriciously discontinues benefits. *Brown v. Shop Rite, Inc.*, 11-727 (La.App. 3 Cir. 11/2/11), 75 So.3d 1002, *writ denied*, 11-2647 (La. 2/10/12), 80 So.3d 480. On the other hand, La.R.S. 23:1201(G) provides a penalty for failure to pay pursuant to the terms of a final, nonappealable judgment within thirty days after it becomes due.

At the time of the settlement, Mr. Williamson was continuing to be paid permanent and total disability benefits in the amount of $398.00 per week. The settlement agreement merely acknowledged that Mr. Williamson would continue receiving payment of his weekly benefits pending approval of the settlement. The joint stipulation of facts states, "[f]or reasons unknown to defendants, computer entries were made resulting in the termination of indemnity benefits effective July 27, 2010, which was three (3) weeks and three (3) days before the settlement was approved on August 20, 2010." Benefits were terminated before the settlement was approved. As stated in *Lopez v. Town of Zwolle*, 11-287, p. 6 (La.App. 3 Cir. 10/5/11), 74 So.3d 843, 848, *writ denied*, 11-2452 (La. 1/13/12), 77 So.3d 965, "Section (G) of

6

[La.R.S. 23:1201] refers to the timely payment of lump sum benefits, not to the continued payment of presently owed benefits."

We agree with Mr. Williamson that this was a termination of benefits as opposed to a failure to pay pursuant to a settlement agreement. Mr. Williamson was owed $1,364.57 in back-due indemnity benefits, which were not paid until a year later on August 25, 2011. Therefore, we find that Mr. Williamson is entitled to the maximum penalty benefit under La.R.S. 23:1201(I) in the amount of $8,000.00 as we find that such discontinuance was arbitrary, capricious, and without probable cause.

## ATTORNEY FEES

In his answer to the appeal, Mr. Williamson has also requested additional attorney fees for work on appeal. "An increase in attorney's fees is awarded on appeal when the defendant appeals, obtains no relief, and the appeal has necessitated more work on the part of the plaintiff's attorney, provided that the plaintiff requests such an increase." *McKelvey v. City of DeQuincy,* 07-604, pp. 11-12 (La.App. 3 Cir. 11/14/07), 970 So.2d 682, 690. Considering our affirmation of the judgment of the WCJ, as well as our increase in the award of penalties, we find that an additional award of $4,000.00 is appropriate to compensate Mr. Williamson for work performed on this appeal.

For the reasons set forth in this opinion, the judgment of the Office of Workers' Compensation is amended to increase penalties from $3,000.00 to $8,000.00 for Defendants' improper termination of Mr. Williamson's indemnity benefits. We also award an additional $4,000.00 in attorney fees for Mr. Williamson's counsel's work on appeal. In all other respects the judgment is affirmed. Costs of this appeal are assessed to Dresser, Inc., d/b/a Dresser Valve Division and Liberty Mutual Insurance Company.

**AFFIRMED AS AMENDED.**