STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-490

ELIZA HUNTER

VERSUS

RAPIDES PARISH SCHOOL BOARD

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 13-07934
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of J. David Painter, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED.

Stacy Christopher Auzenne
Auzenne Law Firm
Post Office Box 11817
Alexandria, Louisiana 71315-1817
(318) 880-0087
Counsel for Defendants/Appellees:
        Rapides Parish School Board
        Claims Administrative Services

Eliza Hunter
In Proper Person
1134 Madison Street
Alexandria, Louisiana 71301
In Proper Person:
        Plaintiff/Appellant

**KEATY, Judge.**

In this workers' compensation case, the claimant, Eliza Hunter, in proper person, appeals a judgment rendered by the workers' compensation judge (WCJ). We affirm.

**FACTS AND PROCEDURAL HISTORY**

Eliza Hunter allegedly injured her low back on March 20, 2001, when she missed a step and fell at the school where she worked. She later filed a workers' compensation suit against her employer, the Rapides Parish School Board (RPSB), and Claims Administrative Services (CAS), RPSB's third-party administrator. In October of 2010, Ms. Hunter and the RPSB agreed to settle the matter in return for the RPSB establishing a Medicare Set-Aside Account (MSA) valued at $79,937.77 on Ms. Hunter's behalf and paying Ms. Hunter the lump sum of $19,000.00. The parties then presented the WCJ with a Joint Petition and Compromise Settlement Agreement. According to the agreement, the RPSB had previously paid Ms. Hunter indemnity benefits totaling $63,786.80 and medical benefits totaling $80,792.54. The WCJ signed an order approving the agreement on October 12, 2010. The RPSB submitted the proposed MSA to the Centers for Medicare Services (CMS) for approval. CMS rejected the proposed MSA, instead requiring that the MSA be valued at $94,265.00. The RPSB opted to pay Ms. Hunter's medical expenses as they accrued rather than fund the $94,265.00 MSA, and the attorney for the RPSB sent a certified letter to Ms. Hunter notifying her of its decision.

On November 6, 2013, Ms. Hunter filed a Form 1008 Disputed Claim for Compensation against the RPSB and CAS seeking to force them to establish the $94,265.00 MSA proposed by CMS. The RPSB and CAS responded by filing an

exception of no cause of action and/or no right of action.[1]  After a hearing, the WCJ granted the exception and dismissed Ms. Hunter's 1008 by judgment dated February 3, 2014.  She timely filed a "REQUEST FOR APPEAL" of the judgment "rendered [on] January 27, 2014 OF NO CAUSE of action and/or NO RIGHT of action."

On June 23, 2014, Ms. Hunter filed a pleading with this court entitled "BRIEF REQUESTING AN ORDER TO ENFORCE JUDGMENT."  Therein, she seeks to have this court enforce the order signed by the WCJ on October 12, 2010, approving the Joint Petition and Compromise Settlement Agreement entered into by Ms. Hunter, the RPSB, and CAS.  In her brief, Ms. Hunter fails to assign any error in either the October 12, 2010 order or the February 3, 2014 judgment. Instead, she reviews the procedural history of this matter and alleges that CAS "ceased paying [her] medical expenses" in 2009.  She then alleges that CAS denied her request to authorize one of its approved pharmacies to approve a prescription written by her primary care physician in March of 2014.   Three exhibits are attached to Ms. Hunter's brief.

### DISCUSSION

Uniform Rules—Courts of Appeal, Rule 12.4(A)(5) mandates that the appellant's brief "shall contain" "assignments of alleged errors."  In addition, Uniform Rules—Courts of Appeal, Rule 2–12.4(B)(1) requires that "[a] copy of the judgment . . . complained of . . . shall be appended to the brief of the appellant."  As mentioned previously, the judgment which Ms. Hunter attached to the brief she filed with this court seeks to have this court review and enforce an

---

[1]"In Louisiana law there exists no single exception of no right and/or no cause of action. They are separate and distinct exceptions, each serving a particular purpose and each following particular procedural rules." *Mercier v. Flugence*, 408 So.2d 52, 53 (La.App. 3 Cir. 1981).

October 12, 2010 order for which the appeal delays have long expired. *See* La.Code Civ.P. arts. 2087 and 2123. In addition, Ms. Hunter failed to include any assignments of error in her brief. Nevertheless, "the courts of this State have considered [the merits of] briefs in improper form when filed by pro se claimants." *Hale v. Labor Ready*, 08-719, p. 1 (La.App. 3 Cir. 12/10/08), 999 So.2d 293, 295. Because Ms. Hunter timely appealed the February 3, 2014 judgment granting RPSB's and CAS's exception of no cause of action and/or no right of action, we will "consider[] the merits of her appeal despite the improper form of her appellant brief." *Id.*

"Although the technical rules of evidence and procedure are relaxed in workers' compensation hearings, an appellate court is bound by the record before it on appeal." *Bourque v. Transit Mix*, 13-1390, p. 3 (La.App. 3 Cir. 5/7/14), __ So.3d __, __. "[A]ppellate courts are courts of record which neither can receive new evidence nor review evidence that is not in the record. Evidence attached to memoranda and not properly and officially offered and introduced does not constitute evidence and cannot be considered, even if it is physically in the record." *Mouton v. Hebert*, 13-755, 13-756, 13-757, 13-758, p. 2 (La.App. 3 Cir. 12/18/13) (unpublished opinion) (citations omitted). Accordingly, this court is precluded from considering the exhibits attached to Ms. Hunter's appellant brief to the extent that the information contained therein is not otherwise a part of the appellate record.

In *Williamson v. Liberty Mutual Insurance Co.*, 12-148 (La.App. 3 Cir. 6/6/12), 92 So.3d 1218, this court affirmed, as amended, a judgment rendered by a WCJ in favor of a workers' compensation claimant awarding him penalties and attorney fees after his employer failed to provide him with the money to purchase a MSA within thirty days of the approval of the parties' settlement by the Office of

3

Workers' Compensation (OWC). We noted that "there was no requirement to obtain CMS's approval of the settlement agreement. Quite the opposite, Paragraph (4)(B) states that the '[e]mployee understands that the receipt of this workers' compensation settlement without CMS pre-approval may result in a loss of Medicare benefits for the work-related injury.'" *Id.* at 1222. In *Williamson*, 92 So.3d at 1221-22, we distinguished *Harrelson v. Arcadia,* 10-1647 (La.App. 1 Cir. 6/10/11), 68 So.3d 663, *writ denied,* 11-1531 (La. 10/7/11), 71 So.3d 316, as follows:

> [I]n *Harrelson,* the first circuit found that the settlement agreement required that Centers for Medicare & Medicaid Services (CMS) approve the amount of funding prior to payment. The first circuit held that the right to enforce the conditional obligation to fund the MSA account contained in the settlement agreement did not arise until the fulfillment of the suspensive condition when CMS approved the MSA funding. The first circuit held that penalties for nonpayment within thirty days were not owed because nonpayment was the result of conditions over which the employer had no control citing La.R.S. 23:1201(G).

According to the transcript of the January, 27, 2014 hearing on RPSB's and CAS's exception, Ms. Hunter admitted that she knew that the RPSB was going to send the settlement agreement to CMS for approval. She further acknowledged that there was nothing in the settlement paperwork obligating the RPSB to fund a more expensive MSA if CMS did not approve the settlement that she and the RPSB had signed.

"A 'judgment of a trial court is presumed correct, absent any record evidence indicating the contrary.'" *Julien v. Dynamic Indus., Inc.*, 10-520, p. 9 (La.App. 3 Cir. 11/3/10), 52 So.3d 174, 180 (quoting *Williams v. Williams,* 07-541, p. 7 (La.App. 3 Cir. 10/31/07), 968 So.2d 1234, 1239). "[T]he manifest error standard of appellate review applies in workers['] compensation cases[,] and great

4

deference is accorded to the [workers' compensation judge's] factual findings and reasonable evaluations of credibility." *Bracey v. City of Alexandria*, 13-16, p. 3 (La.App. 3 Cir. 6/5/13), 115 So.3d 1211, 1215, *writ denied,* 13-1934 (La. 11/8/13), 125 So.3d 455 (quoting *Central Lumber Co. v. Duhon,* 03-620, p. 3 (La.App. 3 Cir. 11/12/03), 860 So.2d 591, 593, *writ denied,* 04-315 (La. 4/2/04), 869 So.2d 880).

Ms. Hunter has failed to point to any error in the judgment granting the exception of no cause of action and/or no right of action filed by RPSB and CAS, dismissing Ms. Hunter's claims against it with prejudice. Accordingly, the judgment is "presumed correct." *Julien*, 52 So.3d at 180. After thoroughly reviewing the record, we conclude that the jurisprudence supports the February 3, 2014 judgment.

## DECREE

For the foregoing reasons, the judgment rendered in favor of the Rapides Parish School Board, granting its exception of no cause of action and/or no right of action and dismissing Eliza Hunter's claims is affirmed. All costs of this proceeding are assessed against Eliza Hunter.

**AFFIRMED.**